957 A.2d 272

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Stephen K. GRESH, Petitioner.**

Supreme Court of Pennsylvania.

Oct. 21, 2008.

*ORDER*

PER CURIAM.

**AND NOW,** this 21st day of October 2008, the Petition for Allowance of Appeal is **GRANTED.** The order of the Superior Court affirming petitioner's judgment of sentence is **VACATED** and the matter is **REMANDED** to the trial court with directions to permit petitioner to file an amended Pa. R.A.P.1925(b) statement in the trial court and to pursue his counseled direct appeal thereafter.

Petitioner requested that counsel be appointed for direct appeal, but this request was denied by the Superior Court because petitioner had already filed a *pro se* brief. After the Superior Court affirmed his judgment of sentence, petitioner filed a petition for appointment of counsel in this Court, docketed at 151 MM 2007. To preserve his right to seek allocatur, petitioner also filed a timely *pro se* petition for allowance of appeal. This initial petition was docketed at 883 MAL 2007. On November 8, 2007, this Court entered a *per curiam* order directing that the trial court conduct a hearing pursuant to *Commonwealth v. Grazier,* 552 Pa. 9, 713 A.2d 81 (1998) (waiver of right to counsel at appellate stage requires on-the-record determination that waiver is knowing, intelligent, and voluntary). Following the *Grazier* hearing, the trial court determined that petitioner had not waived appellate counsel and accordingly appointed counsel. Counsel then filed a second petition for allowance of appeal, docketed at 331 MAL 2008, whereupon the initial petition at 883 MAL 2007 was discontinued. The second petition requested remand to the trial court to permit petitioner to file a revised Pa.R.A.P. 1925(b) statement.

In light of these circumstances, remand is appropriate.

Jurisdiction relinquished.