J-A22012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIO ABREU | |
| Appellant | No. 1987 MDA 2013 |

Appeal from the PCRA Order Entered October 10, 2013
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000542-2004

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 17, 2015**

Appellant, Mario Abreu, appeals from the Order entered by the Honorable Robert B. Sacavage, of the Court of Common Pleas of Northumberland County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. ¶¶ 9541-9546.  We affirm.

Appellant was charged with numerous criminal offenses in connection with his operation in Northumberland County of a large-scale drug trafficking organization.  Prior to his jury trial, Appellant requested that he be allowed to represent himself.  With the assistance of a Spanish language interpreter, the trial court conducted an extensive colloquy and concluded that Appellant's waiver of trial counsel was knowing, intelligent, and voluntary.

_____

[*] Former Justice specially assigned to the Superior Court.

*See* Notes of Testimony, 7/26/06 at 18-24. In granting Appellant's request to proceed *pro se*, the court directed the Commonwealth to serve Appellant in prison through the prison warden with hard copies of the discovery materials that had been previously produced to his trial counsel on a computer disk. The court also stated that it would "contact the warden also to set up a schedule when the materials are received for the translator to assist him." Notes of Testimony, 7/26/06, at 31. The court ordered Appellant's previously-appointed attorney to serve as stand-by counsel.

On the third day of his trial during testimony from the prosecution's first witness, Appellant informed the court that he wished to have his standby counsel represent him again. After a colloquy in chambers, the court granted the request and the trial continued. The jury found Appellant guilty of 22 different drug trafficking offenses, and he was sentenced to an aggregate term of 27 to 54 years' incarceration, to be run consecutively to the sentence he was serving in federal prison. This Court affirmed the judgment of sentence. *See Commonwealth v. Abreu*, No. 730 MDA 2007 (Pa. Super., filed Aug. 12, 2008) (unpublished memorandum).[1] Appellant did not seek allowance of appeal from the Pennsylvania Supreme Court.

_____

[1] On direct appeal, Appellant raised 13 issues in his Pa.R.A.P. 1925(b) statement, but briefed only the denial of his motion for a mistrial based on alleged prosecutorial misconduct.

On June 3, 2009, Appellant filed a timely *pro* se PCRA petition and counsel was appointed. In May 2012, Appellant filed a motion to proceed *pro* se and requested a **Grazier**[2] hearing; PCRA counsel filed a motion to withdraw. After a hearing, the PCRA court denied both motions. Appellant's counsel filed an amended PCRA petition. The PCRA court held an evidentiary hearing, and on October 3, 2013, dismissed the petition. Appellant timely appealed to this Court.

Appellant raises the following two issues for review:

A. Whether the defendant knowingly, intelligently and voluntarily waived his right to counsel?

B. Whether the defendant should have been afforded the use of an interpreter for preparation of his trial?

Appellant's Brief at 5.

We review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. **See Commonwealth v. Dennis**, 17 A.3d 297 (Pa. 2011). The PCRA provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S. § 9544(b).

In his first issue, Appellant challenges the trial court's finding that he had knowingly, intelligently, and voluntarily waived his right to counsel. This

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (1998).

claim could have been raised on direct appeal but was not. Accordingly, as the PCRA court correctly determined, this issue is waived. **See id**.

In his second issue, Appellant observes that despite the trial court's order, he was not provided with an interpreter in prison to help him review discovery materials in preparation for trial. He generally states that the failure to understand the proceedings "*may* deny" a defendant the right to confront witnesses, consult an attorney, and be present at his or her own trial, and that the "use of an interpreter *may* also be necessary to protect a defendant's right to testify in his own behalf." Appellant's Brief at 16-17 (emphasis added). Our review of the certified record reveals that, again, Appellant did not raise this issue before the trial court or on direct appeal. Accordingly, it is waived. **See** 42 Pa.C.S. § 9544(b).[3]

Because the PCRA court's findings are supported by the record and free from legal error, we affirm.

Order affirmed. Jurisdiction relinquished.

---

[3] Moreover, as the PCRA court observed, at the time Appellant was reviewing the discovery materials, he was representing himself. He, therefore, had the responsibility to bring the lack of an interpreter to the trial court's attention at that time. The PCRA court also noted that notwithstanding the lack of an interpreter, Appellant had been "able to prepare, file, and argue several *pro se* motions in English during the relevant time period." Trial Court Order, dated 10/3/13.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2015