J-S12011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DERREL REGINALD CINTRON | |
| Appellant | No. 1133 EDA 2015 |

Appeal from the PCRA Order March 19, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002627-2013
CP-39-CR-0002971-2013

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED JANUARY 28, 2016**

Appellant, Derrel Reginald Cintron, appeals from the March 19, 2015 order dismissing his *pro se* post-sentence motion, which the trial court treated as his first petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Appellant has also filed a motion with this Court, seeking to "quash" his own appeal.  After careful review, we grant Appellant's motion in part, deny it in part, and vacate the trial court's order.

We summarize the relevant procedural history of this case as follows. On June 9, 2014, Appellant entered a negotiated guilty plea to one count of attempted murder, aggravated assault, and firearms not to be carried

_____
[*] Retired Senior Judge assigned to the Superior Court.

without a license.[1]  Pursuant to the plea agreement, that same day, the trial court imposed a sentence of 10 to 20 years' imprisonment.  On June 9, 2014, trial counsel filed a timely post-sentence motion, which the trial court denied on June 24, 2014.  However, on June 23, 2014, the day prior, Appellant filed a *pro se* post-sentence motion.

On July 11, 2014, while Appellant's direct appeal period was still pending, the trial court entered an order treating Appellant's *pro se* post-sentence motion as a PCRA petition and appointing new counsel to represent Appellant.  On August 22, 2014, Appellant filed a motion to waive his right to counsel and proceed *pro se*, which the trial court granted after a hearing and an oral and written colloquy on October 3, 2014.  That same day, the trial court entered an order directing Appellant to file an amended PCRA petition within 120 days, but Appellant did not do so.  On February 26, 2015, the trial court entered an order notifying Appellant of its intent to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907.  Appellant filed a response on March 17, 2015, and the trial court entered an order dismissing Appellant's PCRA petition on March 19, 2015.  On April 6, 2015, Appellant filed a timely *pro se* notice of

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), and 6106(a), respectively.

appeal.[2]  On December 17, 2015, Appellant filed the instant motion to "quash" his own appeal.  The Commonwealth did not file an answer to Appellant's motion.

Appellant argues that the trial court erred in treating his *pro se* post-sentence motion as a PCRA petition as "Appellant never received the chance to file for direct review because his post-sentence motion was never statutorily resolved."  Appellant's Motion to Quash, 12/17/15, at 3-4. Appellant continues that the trial court "acted beyond its power and authority … when it steered and coerced [him] into PCRA proceedings, when it was not the correct time by law for him to be acting under these proceedings."  *Id.* at 3.

As noted above, Appellant's counseled post-sentence motion was denied on June 24, 2014.  Therefore, Appellant's direct appeal period expired on July 24, 2014.  *See* Pa.R.Crim.P. 720(A)(2)(a) (stating that a defendant's notice of appeal shall be filed within 30 days after the entry of the order denying the defendant's post-sentence motion).  It is axiomatic that "any petition filed **after** the judgment of sentence becomes final will be

_____

[2] On April 26, 2015, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  Appellant timely filed his statement on May 15, 2015, and included the trial judge in his certificate of service attached to the same.  The trial court filed its Rule 1925(a) opinion on May 22, 2015, concluding that Appellant has waived all issues on appeal for not complying with Rule 1925.  The trial court did not explain the basis for its waiver conclusion, and it is wholly refuted by the certified record.

treated as a PCRA petition." **Commonwealth v. Taylor**, 63 A.3d 462, 466 (Pa. Super. 2013) (citations omitted; emphasis added). However, in this case, Appellant's judgment of sentence was not final at the time of his *pro se* post-sentence motion. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review … or at the expiration of time for seeking the review[]"). In addition, at the time of Appellant's *pro se* filing, he was still represented by counsel. Pennsylvania Rule of Criminal Procedure 576(A)(4) provides that when a *pro se* filing is received from a represented defendant, the trial court shall mark it for filing and forward a copy to the defendant's counsel. Pa.R.Crim.P. 576(A)(4). Hybrid representation is disapproved at all levels in Pennsylvania. **See generally Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). As a result, Appellant's *pro se* post-sentence motion was not a PCRA petition, but rather a legal nullity. Therefore, the PCRA proceedings that flowed from Appellant's *pro se* post-sentence motion were likewise legal nullities.[3] Therefore, Appellant's motion to quash is correct to the extent it argues that the instant dismissal order that is the purported subject of this appeal is null and void.

---

[3] Given the difficult procedural posture of this case, we view the trial court's hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) also as a legal nullity.

However, Appellant's motion also asks this Court to instruct the trial court on remand to treat his *pro se* post-sentence motion as timely filed. Appellant's Motion to Quash, 12/17/15, at 4. As noted above, Appellant filed a timely, counseled, post-sentence motion that the trial court denied on the merits. Furthermore, we lack the authority to direct post-sentence or direct appeal proceedings *nunc pro tunc* outside the parameters of the PCRA. ***Commonwealth v. Eller***, 807 A.2d 838, 845 (Pa. 2002). Therefore, Appellant cannot receive a remand order from this Court.

Based on the foregoing, we conclude the trial court erroneously treated Appellant's *pro se* post-sentence motion as a PCRA petition rather than as a legal nullity. Therefore, Appellant's motion is granted to the extent it seeks *vacatur* of the trial court's order as a legal nullity and denied to the extent it seeks a remand.[4] Accordingly, the trial court's March 19, 2015 order is vacated.

Motion granted in part and denied in part. Order vacated. Jurisdiction relinquished.

---

[4] Our judgment in this case does not preclude Appellant from filing a new PCRA petition, which would be his first, seeking reinstatement of his direct appeal rights *nunc pro tunc*. ***See generally*** 42 Pa.C.S.A. §§ 9543(a)(2)(i), 9545(b)(1)(i), 9545(b)(2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/2016