J-S25033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL FORREST, | : | |
| | : | |
| Appellant | : | No. 484 MDA 2018 |

Appeal from the Order Entered December 29, 2017
in the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000446-2009

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 28, 2019**

Michael Forrest ("Forrest") appeals, *pro se*, from the Order denying his Motion for DNA testing filed pursuant to Section 9543.1 of the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a jury trial, Forrest was convicted of aggravated harassment by prisoner,[1] related to his intentional expulsion of saliva onto the face of the chief psychologist at SCI-Rockview, while undergoing a psychological evaluation. The trial court sentenced Forrest to a term of three to seven years in prison. On October 18, 2010, this Court affirmed Forrest's judgment of sentence. **See Commonwealth v. Forrest**, 15 A.3d 532 (Pa. Super. 2010) (unpublished memorandum). Forrest did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

---

[1] **See** 18 Pa.C.S.A. § 2703.1.

On June 17, 2017, Forrest filed a *pro se* Motion for DNA testing, alleging that if the saliva collected from the victim's face was tested for DNA, the results would prove his innocence. The PCRA court denied Forrest's Motion without a hearing. Forrest filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Following a procedural history not relevant to this appeal, Forrest was appointed counsel, who filed an amended Concise Statement. In response, Forrest filed a Motion to proceed *pro se*. The PCRA court held a **Grazier**[2] hearing, and determined that Forrest's waiver of counsel was knowing, intelligent and voluntary. The PCRA court subsequently permitted counsel to withdraw from representation of Forrest.

On appeal, Forrest, *pro se*, presents the following questions for our review:

> 1. Whether the lower court abused its discretion with manifest miscarriage of justice that prejudiced [Forrest] by collaborating with prosecutor to refuse and deny him full access and full disclosure of discovery in a case [where] he pleads [*sic*] factual innocence and wrongful conviction?
>
> 2. Whether the lower court's continuity [*sic*] of abuse of discretion miscarriaged justice [and] prejudiced [Forrest] by the denial of [his] [M]otion to compel former attorneys Angela D. Giampolo, D. Scott Perrine, Greg L. Zeff, standby [public defender] Sean McGraw[,] and prosecutor Nathan Boob to return full file and disclose full access to discovery that would invalidate conviction?

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

J-S25033-19

Brief for Appellant at i (capitalization omitted).[3]

We review an order denying a motion for post-conviction DNA testing as follows:

> [T]he [PCRA] court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1 [of the PCRA]. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Williams*, 35 A.3d 44, 47 (Pa. Super. 2011) (internal citations omitted).

As we explained in *Williams*, *supra*,

> [Section 9543.1] sets forth several threshold requirements to obtain DNA testing: (1) **the evidence specified must be available for testing on the date of the motion**; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; [] (c) [the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially more probative results]; or [(d)] counsel sought

---

[3] We note that Forrest's brief fails to provide any intelligible discussion related to the claims raised in his Concise Statement. Accordingly, we could find his claims regarding DNA testing waived. *See* Pa.R.A.P. 2119(a) (stating that the argument section of an appellate brief shall contain "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court] … to formulate [an a]ppellant's arguments for him."). Nevertheless, in light of our holding, we decline to find Forrest's claim waived.

- 3 -

funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency. Additionally, … [u]nder [S]ection 9543.1(c)(3), the petitioner is required to present a *prima facie* case that the requested DNA testing, assuming it gives exculpatory results, would establish the petitioner's actual innocence of the crime. Under [S]ection 9543.1(d)(2), the court is directed not to order the testing if it determines, after review of the trial record, that there is no reasonable possibility that the testing would produce exculpatory evidence to establish [the] petitioner's actual innocence. From the clear words and plain meaning of these provisions, there can be no mistake that the burden lies with the petitioner to make a *prima facie* case that favorable results from the requested DNA testing would establish his innocence. We note that the statute does not require [the] petitioner to show that the DNA testing results would be favorable. However, the court is required to review not only the motion for DNA testing, but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish petitioner's actual innocence. We find no ambiguity in the standard established by the legislature with the words of this statute.

*Id.* at 49-50 (citation and emphasis omitted; emphasis added).

Here, the victim testified that he washed his face with hand sanitizer, soap and water immediately after the incident. **See** N.T., 12/16/09, at 42, 45-46. The victim's treating nurse testified that the only care he provided was to check the victim's vital signs and visually inspect him for injuries. **Id.** at 92. Thus, no saliva was collected as evidence and available for testing at the time of Forrest's Motion. **See Williams**, **supra**. Accordingly, we discern no error or abuse of discretion by the PCRA court, and conclude that it properly dismissed Forrest's Motion.

Finally, our review of the record discloses eight *pro se* Motions filed by Forrest that were deferred for disposition by this panel. After consideration,

we find the Motions to be frivolous and lacking any merit. Accordingly, we deny all outstanding Motions filed by Forrest.

Order affirmed. All outstanding Motions filed by Forrest denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2019