J-S71037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK HOWIE | : | |
| | : | |
| Appellant | : | No. 2502 EDA 2017 |

Appeal from the Judgment of Sentence June 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004087-2012

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED MARCH 27, 2020**

Malik Howie appeals from the judgment of sentence entered following his jury trial conviction for second-degree murder, robbery, conspiracy to commit robbery, and possessing instruments of crime.[1] Howie challenges the constitutionality of his sentence of life imprisonment without the possibility of parole. We affirm.

A jury convicted Howie of the above-referenced offenses for the shooting death of Ronald Coleman, which occurred during the course of a robbery. The trial court imposed the mandatory sentence of life imprisonment without the possibility of parole for the second-degree murder conviction, found the robbery conviction merged with the murder conviction for

_____

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), 903, and 907(A), respectively.

sentencing purposes, and imposed concurrent terms of imprisonment for the remaining convictions.

Howie's trial counsel filed a Notice of Appeal. The court permitted counsel to withdraw and appointed new counsel, who filed a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), asserting a prosecutorial misconduct claim and claims challenging the sufficiency and weight of the evidence. Howie filed a petition in this Court requesting the removal of counsel and appointment of new counsel. We remanded the matter to the trial court. After a **Grazier**[2] hearing, the trial court granted appellate counsel leave to withdraw and appointed new counsel, who filed the appellate brief.

In his appellate brief, Howie raises a single issue: "Is a 'life without parole' sentence for second-degree murder disproportional to Pennsylvania's sentencing scheme for homicide offenses and thus 'cruel and unusual punishment' under the Pennsylvania State and Federal Constitutions?" Howie's Br. at 7.

Howie did not raise this issue—the constitutionality of his life without parole sentence—in his 1925(b) statement. However, because it challenges the legality of his sentence, it is not waivable, and we must address the issue on appeal. **Commonwealth v. Middleton**, 467 A.2d 841, 845-46, 846 n.5 (Pa.Super. 1983) (concluding claim that imposition of life without parole

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

sentence for felony-murder was cruel and unusual punishment was challenge to legality of sentence); ***Commonwealth v. Foster***, 17 A.3d 332, 345 (Pa. 2011) (noting challenge to legality of sentence is nonwaivable).

Howie argues the mandatory punishment for second-degree murder— life imprisonment without the possibility of parole—"is relatively disproportionate to those offenses that come before or after it and distinguishable for the *mens rea* it requires." Howie's Br. at 12. He notes that second-degree murder does not require a specific intent to kill, but may result in imposition of the same sentence as first-degree murder, which does require such an intent. He argues that all offenders are different and it is "illogical to subject every criminal to the same punishment, even if the crimes that were committed were the same." ***Id.*** at 15. He argues the prohibition against cruel and unusual punishment is "meant to prohibit excessive punishments as well as barbaric ones," and claims that "[b]y refocusing its proportionality jurisprudence to the category of offenses within it falls, the Court could use the Cruel and Unusual Punishments Clause to affirm that a [life without parole] sentence for an offender who possessed no specific intent to kill is disproportionate and unjust." ***Id.*** at 17. Howie claims that, because he lacked the specific intent to kill, "the more appropriate punishment would be one that leaves open the possibility of parole." ***Id.*** at 18. He thus concludes that the mandatory life-without-parole sentence for second-degree murder is not proportional to the crime.

We apply a *de novo* standard of review to challenges to the legality of a sentence. **Commonwealth v. Smith**, 210 A.3d 1050, 1062 (Pa.Super. 2019), *appeal denied* 218 A.3d 1199 (Pa. 2019). The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. viii. Likewise, the Pennsylvania Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa.Const.Art. 1, § 13. "[T]he guarantee against cruel and unusual punishment contained in the Pennsylvania Constitution, Article 1, Section 13, provides no broader protections against cruel and unusual punishment than those extended under the Eighth Amendment to the United States Constitution." **Commonwealth v. Thompson**, 106 A.3d 742, 763 (Pa.Super. 2014) (citation omitted).

Howie fails to address–let alone distinguish–our cases that have rejected his arguments. In **Commonwealth v. Middleton**, 467 A.2d at 846-47, this Court concluded that imposition of a life without parole sentence following a conviction for second-degree murder did not violate the Eighth Amendment of the United States Constitution. We noted that the statute, "being a legislative determination, carries a strong presumption of validity, and of constitutionality." **Id.** at 846 (citing **Snider v. Thornburgh**, 436 A.2d 593 (Pa. 1981)). We pointed out that "[t]he offense of felony-murder is undoubtedly one of the gravest and most serious which can be committed." **Id.** at 847. The Court compared the sentences available for crimes in

- 4 -

Pennsylvania, noting that the death penalty may be imposed only on those convicted of first-degree murder, subject to the provisions found in 42 Pa.C.S.A. § 9701, *et seq.*, and that only those convicted of first- and second-degree murder can receive a sentence of life imprisonment without the possibility of parole. *Id.* We stated that "[i]t is clear that the legislature contemplated that the seriousness of second degree murder—that is, murder in the course of a first degree felony—should be matched by an equally severe penalty." *Id.* The Court further compared the sentence to those imposed for the same crime in other jurisdictions, and concluded that "a sentence of life imprisonment for felony-murder comports with the range of sentences found proper in other jurisdictions." *Id.* (citing *Enmund v. Florida*, 458 U.S. 782 (1982)).

More recently, in *Commonwealth v. Henkel*, 938 A.2d 433, 446 (Pa.Super. 2007), the appellants challenged the imposition of a life sentence as unconstitutional "cruel and unusual punishment" under the United States and Pennsylvania constitutions. We concluded that we had previously dismissed an identical challenge in *Middleton*, and the appellants "g[a]ve us no reason to revisit this precedent aside from a bald allegation that their sentences 'seem to constitute cruel and unusual punishment' and are '*arguably* disproportionate.'" *Id.* (emphasis in original).

We are similarly bound by *Middleton*. We thus conclude that Howie's sentence of life imprisonment without the possibility of parole does not violate the constitutional prohibitions on cruel and unusual punishment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/27/2020</u>