J-A07026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
v.              :
:
:
KEITH ALAN HOFFA        :
:
Appellant      :  No. 703 MDA 2020

Appeal from the Judgment of Sentence Entered March 4, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001420-2018

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:           **FILED MAY 26, 2021**

Appellant Keith Alan Hoffa appeals from the Judgment of Sentence of 63 to 126 years' incarceration imposed after the court found him guilty of multiple sex abuse offenses involving five children.  Appellant purports to challenge the sufficiency of the evidence supporting each of the convictions, and the exercise of the court's discretion in ordering consecutive rather than concurrent sentences.  After careful review, we remand for the trial court to file a supplemental Rule 1925(a) Opinion.

Over the course of many years, Appellant sexually assaulted girls when they were between the ages of 8 and 16.  In late 2016, M.C., who was a friend of Appellant's daughter, told her mother that when she stayed over at Appellant's house for sleepovers, Appellant would touch her in the bath,

---

[*] Former Justice specially assigned to the Superior Court.

shower, and while getting dressed, in ways that made her feel uncomfortable. Mother reported the molestation to the authorities, and a grand jury investigation ensued.

On June 1, 2018, the Commonwealth indicted Appellant on twenty-four offenses involving at least five girls, some now women, including Rape of a Child, two counts of Indecent Assault-Person Less than 13 years of age; Criminal Solicitation-Indecent Assault Person Less than 13 years of age; two counts of Indecent Exposure, Dissemination of Obscene Materials to a Minor, three counts of Corruption of Minors-Defendant Age 18 or Above, Unlawful Contact with Minor-Sexual Offenses, Unlawful Contact with Minor-Obscene and other Sexual Materials and Performance, two counts of Involuntary Deviate Sexual Intercourse-Person Less than 16 years of age; two counts of Aggravated Indecent Assault-Person Less than 16 years of age; and Indecent Assault-Person Less than 16 years of age.[1]

Appellant filed a pre-trial Motion for a Taint and Competency Hearing. Soon thereafter, defense counsel filed at Appellant's behest a Motion to Withdraw from representation indicating Appellant wished to represent himself. The court held a hearing on the Motions on November 20, 2019, first addressing the Motion to Withdraw. When the court asked Appellant if he

---

[1] 18 Pa.C.S. §§ 3121(c), 3126(a)(7), 902(a), 3127(a), 5903(c)(1), 6301(a)(1)(ii), 6318(a)(1) and (4), 3123(a)(7); 3125(8), and 3126(a)(8).

wanted to represent himself, he responded "no." N.T. Hearing, 11/20/19, at 4, 6. The court then carried on with the taint and competency hearing.

Appellant proceeded to a bench trial before the Hon. Deborah E. Curcillo on December 9, 2019. Over three days, the court heard detailed testimony from eight girls and women who had received unwanted and inappropriate touching and other sexual assaults from Appellant or had observed Appellant as he inappropriately touched other victims, some beginning when they were eight years old. Some of them testified regarding taking baths with him when they were between the ages of 10 and 12 years old and his having touched their breasts and vaginas, sometimes with his mouth. Some spoke of Appellant's taking photographs of them when they were in the bathtub or just out of the tub, encouraging them to skinny dip in his hot tub with him, and having them touch his penis with their hands or their mouths. In addition, they testified regarding Appellant's giving them gifts, wine coolers, and attention, as well as their friendships with Appellant's daughter and/or his stepson. One victim testified that Appellant had raped her more than once when she 8 or 9 years old.[2]

The Commonwealth also presented testimony from investigating detectives, a forensic investigator who had interviewed M.C., relatives of two victims, and an expert on children's responses to sexual abuse. In addition,

_____

[2] N.T., 12/10/19, at 248-49.

the court admitted the tape of two forensic interviews and one video statement from three victims; a handwritten note from Appellant to one of the girls, a thumb drive containing suggestive photos of girls, and a computer printout showing names of websites accessed by Appellant with names suggesting child pornography involving teenaged and younger girls. Appellant and his wife also testified.

Immediately after closing arguments, Judge Curcillo found Appellant guilty of the seventeen offenses set forth above and one obstruction of justice charge.[3]  She ordered a pre-sentence investigation and an evaluation from the Sex Offender Assessment Board ("SOAB").

On March 4, 2020, the court held a sentencing hearing, noting it had reviewed the presentence investigation report and the SOAB evaluation designating Appellant a sexually violent predator ("SVP"). After listening to victim impact statements and Appellant, the court stated:

> Based on the conviction, as well as the pattern of behavior demonstrated by [Appellant] over many years, determined to find vulnerable families and just prey on young girls relentlessly over two decades using control and ultimately harming these numerous young girls, these victims having experienced and continue to experience anxiety and depression and probably for years to come, his actions have not only affected the victims, but their families and future relationships, we believe the sentence I'm about to give is appropriate.

N.T. Sentencing, 3/4/20, at 8-9.

---

[3] The court found him not guilty of four charges; the Commonwealth had withdrawn three charges before trial.

- 4 -

The court then sentenced Appellant to consecutive terms of imprisonment aggregating to a total of 63 to 126 years' incarceration. *Id*.[4]

After the denial of Post-Sentence Motions filed by new counsel, Appellant appealed.[5] He filed a court-ordered Pa.R.A.P. 1925(b) Statement on July 13, 2020. The trial court filed a Rule 1925(a) Opinion on July 23, 2020, concluding, among other things, that it was unable to address the sufficiency and sentencing challenges because Appellant had not requested the trial transcripts when he filed his Notice of Appeal. *See* Memorandum Op., dated 7/23/20, at 5 (stating "the lack of trial transcripts prevents this [c]ourt from providing a meaningful opinion in support of the reasons which gave rise to the appeal. The Superior Court cannot accept a trial court's assertions in its 1925 Opinion as an accurate portrayal of what transpired at

---

[4] Specifically, the court entered the following terms of incarceration: Rape of a Child, 25-50 years; Indecent Assault on Victim less than 13 years of age, 25-50 years; Criminal Solicitation, 3 years; Indecent Exposure, 2 years; IDSI Person less than 16 years of age, 5 years; 2 counts of Aggravated Indecent Assault-Person less than 16 years of age, 1 to 2 years each; Indecent Assault-Person less than 16 years of age, 1-2 years.

[5] The Notice of Appeal, filed May 8, 2020, is deemed timely in accordance with the Order issued in *In re: General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. filed May 27, 2020) (due to the COVID-19 pandemic, suspending time calculations and filing deadlines from March 16, 2020, through June 1, 2020). Accordingly, the Commonwealth's assertion that this court lacks jurisdiction due to an untimely-filed Notice of Appeal is incorrect. *See* Appellee's Brief at 4.

a … trial without having a transcript of the proceedings in the certified record.").

Appellant requested the trial transcripts on September 21, 2020, and the court reporter filed them on September 28, 2020. The prothonotary of the court of common pleas subsequently supplemented the certified record with the transcripts.

Appellant raises the following issues in his Statement of Questions Presented:

1. Whether the lower court conducted a deficient **Grazier**[6] colloquy prior to Appellant's taint hearing?

2. Whether this Honorable Court should remand the instant matter for the trial court to file a Pa.R.A.P. 1925(a) Opinion?

3. Whether the Commonwealth failed to present sufficient evidence for Appellant's: indecent assault, criminal solicitation for indecent assault, indecent exposure, dissemination of obscene material to a minor, corruption of minors, and unlawful contact with a minor convictions against M.C.; rape of a child, indecent assault of a child under thirteen, indecent exposure, and corruption of minors against M.S. involuntary deviate sexual intercourse convictions against C.H.; involuntary deviate sexual intercourse and aggravated assault convictions against C.R.; and aggravated indecent assault, indecent assault, and corruption of minors convictions against T.H.?

4. Whether the trial court imposed an excessive and unreasonable sentence?

Appellant's Brief at 15 (reordered).

_____

[6] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), requires a court to conduct a colloquy with the defendant who wishes to represent himself to determine, among other things, the voluntariness of the waiver of the right to counsel.

**Issue 1**

In his first issue, Appellant avers that the lower court conducted a "deficient *Grazier* colloquy prior to Appellant's taint hearing" as required by Pa.R.Crim.P. 121(A). Appellant's Br. at 45, 47. In his argument, Appellant does not actually cite to or discuss *Grazier*. However, he string quotes other cases applying legal principles relevant to review of whether a defendant knowingly waived the right to counsel, noting that a court must "fully advise the accused of the nature and elements of the crime before accepting waiver of counsel." *Id*. at 49 (citation omitted). He contends that because the court did not inquire into whether there was a conflict of interest or whether counsel was neglecting to file meritorious motions, the court "failed to properly colloquy him on his decision, instead, making his decision for him." *Id*. at 49-50.

The trial court addressed Appellant's claim as follows:

Although the Motion to Withdraw was filed by Appellant's counsel on his behalf, Appellant immediately stated that he did not wish to represent himself for his trial. During this hearing, Appellant never stated that he wished to remove his counsel. In fact, Appellant states twice that he does not wish to represent himself for his trial. The [ ]conversation, as noted above, between Appellant and the [c]ourt reveals that Appellant merely had questions and concerns regarding the grand jury and procedural issues. . . . The requirements set forth in Pa.R.Crim.P. 121(A) are necessary in situations when a defendant has decided to proceed *pro se* for trial. It is necessary and required to go through the appropriate colloquy after a defendant has invoked his right to waive counsel and before a judge allows a defendant to proceed pro se. In this instant case, Appellant stated that he did not wish to represent himself and would not be proceeding pro se.

Consequently, a colloquy informing him of his rights and the consequences of proceeding pro se was not necessary because Appellant did not choose to proceed *pro se*.

Tr. Ct. Op., dated 7/23/20, at 10 (citations to record and case law omitted).

We agree with the trial court's reasoning. In his Brief, Appellant does not acknowledge that when the court asked him at the start of the hearing on the Motion to Withdraw if he was requesting that his attorneys withdraw their representation, he specifically told the court "No." N.T. Pre-trial Hearing, 11/20/19, at 4. He further stated that he could not represent himself, and subsequently repeated that he did not wish to represent himself. **See** N.T. Pre-trial Hearing at 4, 6. Since Appellant did not want to waive his right to counsel, the court was not obligated to conduct a **Grazier** hearing. Accordingly, Appellant's first issue warrants no relief.

**Issues 2 through 4**

Appellant requests that we remand his case to the trial court for a Pa.R.A.P. 1925(a) Opinion that addresses the issues raised in his Rule 1925(b) Statement. Appellant's Br. at 36. He notes that because the trial transcript was served on all parties on September 28, 2020, "all deficiencies have been cured." **Id**.

Pa.R.A.P. 1922 provides that an appellant "*may* file a request for transcripts Under Pennsylvania Rule of Judicial Administration 4007 *prior to or concurrent with* the notice of appeal." (emphasis added). *See also* Pa.R.A.P.

1911 (an appellant is required to request any transcript "in the time prescribed by Rules 4001 *et seq*. of the Pennsylvania Rules of Judicial Administration.") ["Pa.R.J.A."]). Pa.R.J.A. Nos. 4001-4016 do not provide a specific time frame in which an appellant must request a transcript. Rather, those rules set forth, *inter alia*, time frames by which court reporters must respond to requests for transcripts. *See*, *e.g.*, Pa.R.J.A. 4011. In the event a transcript is not part of the record, an appellate court "may take such action as it deems appropriate, which may include dismissal of the appeal." Pa.R.A.P. 1911(d).

Here, Appellant did request the trial transcript, *albeit* four months after filing the Notice of Appeal. Notwithstanding the delayed request, the trial court received the transcript and included it as part of a supplement to the record certified to this court. As noted in its Rule 1925(a) Opinion, filed ten days after the filing of Appellant's Rule 1925(b) Statement, the trial court could not review Appellant's sufficiency and sentencing issues without the trial transcript.

The transcript is now part of the record. Because the purpose of the Rule 1925(a) Opinion is "to provide the appellate court with a statement of reasons for the order ... to permit effective and meaningful review," **Commonwealth v. Hood**, 872 A.2d 175, 178 (Pa. Super. 2005), we remand for the trial court to file a supplemental Rule 1925(a) Opinion addressing the sufficiency and sentencing issues raised in Appellant's Rule 1925(b)

Statement, except for the **_Grazier_** issue set forth as Issue #6 in his 1925(b) Statement, which we have addressed above.

Further, we direct the trial court to file its supplemental Rule 1925(a) Opinion within 30 days after remand. If he chooses, Appellant may file an amended Brief within 30 days after the trial court files its Supplemental Rule 1925(a) Opinion. The Commonwealth may file an Amended Appellee's Brief within 14 days after Appellant files his amended Brief.

Case remanded with instructions. Panel jurisdiction retained.