J-S07029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND WAYNE PARKS | : | |
| | : | |
| Appellant | : | No. 1081 WDA 2021 |

Appeal from the PCRA Order Entered April 5, 2021
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0000614-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND WAYNE PARKS | : | |
| | : | |
| Appellant | : | No. 1082 WDA 2021 |

Appeal from the PCRA Order Entered April 5, 2021
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0000598-2019

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: MAY 6, 2022**

Raymond Wayne Parks ("Parks") appeals *pro se* from the order dismissing his petitions for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

In February 2019, police conducted a lawful vehicle stop after they observed Parks commit a series of motor vehicle code violations, and the officers later determined from hospital records that Parks had a blood alcohol concentration ("BAC") of .28. Police arrested Parks and charged him at docket 598 of 2019 with driving under the influence of alcohol ("DUI"), driving under the influence highest rate of alcohol ("DUI highest rate"),[2] and various summary offenses.

Less than one month later, in March 2019, Parks crashed his car, this time injuring another person. Police determined that Parks's BAC was .219. Police arrested Parks and charged him at docket 614 of 2019 with DUI, DUI highest rate, accidents involving death or personal injury, accidents involving damage to attended vehicle or property,[3] and several summary offenses.

The Commonwealth discovered sometime between preliminary hearing and trial that Parks had a prior DUI conviction. On November 15, 2019, at the inception of a scheduled plea hearing, the trial court granted the Commonwealth leave to amend the criminal informations to classify Parks's DUI highest rate charge at docket 598 of 2019 as a second DUI offense, and his DUI highest rate charge at docket 614 of 2019 as a third DUI offense.[4]

---

[2] *See* 75 Pa.C.S.A. §§ 3802(a)(1), (c).

[3] *See* 75 Pa.C.S.A. §§ 3802(a)(1), (c), 3742(a), 3743.

[4] A highest rate third offense DUI is graded as a felony of the third degree. *See* 75 Pa.C.S.A. § 3803(4.1).

Parks acknowledged those amendments in both a written and oral guilty plea colloquy. As part of the plea agreement, the Commonwealth agreed not to object to concurrent sentences for the DUI highest rate charges and to a *nolle prosequi* of the remaining charges for both cases. The trial court accepted Parks's pleas and imposed concurrent sentences of eighteen months to sixty months of imprisonment for each case, for an aggregate sentence of eighteen months to sixty months. Parks did not file a direct appeal at either docket.

On November 3, 2020, Parks timely filed identical *pro se* PCRA petitions in each case and on November 30, 2020, without leave of court, identical *pro se* amendments to those petitions, asserting among other claims, ineffective assistance of plea counsel relating to the amendment of the DUI informations. *See* Amended PCRA Petition, 11/30/20, 3-8.

After Parks indicated that he wished to proceed *pro se*, the PCRA court conducted a hearing on Parks's petitions. At the conclusion of the hearing, the PCRA court invited both parties to file briefs, which they did. On April 5, 2021, the PCRA court entered an opinion and order dismissing Parks's PCRA petitions, explaining that the amendment of the informations was proper, and thus that plea counsel was not ineffective for failing to challenge the amendments. *See* Opinion and Order, 4/5/21, 4-6. On July 2, 2021, Parks filed an untimely *pro se* notice of appeal *nunc pro tunc* asserting extraordinary circumstances. Following a hearing on September 1, 2021, the PCRA court granted him ten days to file an appeal *nunc pro tunc*. Parks filed the *pro se*

notice of appeal at each docket within the ten-day period.[5] Parks filed a timely *pro se* court-ordered 1925(b) concise statement at each docket. In *lieu* of a Rule 1925(a) opinion, the PCRA court adopted its April 5, 2021 opinion denying Parks's PCRA petitions.[6] In this Court, Parks filed an identical brief for each docket number.

Parks presents the following issues for our review:

1. Did the trial court errored [sic] when it denied [Parks] his fundamental right to a fair trial?

2. Did the trial court errored [sic] when it amended the informention(s) [sic] *sua sponte*?

3. [D]id the trial court and prsecution [sic] when they circumvented the Pa. Rules Criminal Procedure [sic] and title 42 Pa.C.S.A. § 8931(e)(i)?

4. [W]hether the PCRA court and prosecution errored [sic] when they did not address [Parks's] issues of violating his constitutional rights to due proces [sic] of law and the equal protection of the law?

5. Whether government interference barrs [sic] from reprosecution?

Parks's Brief at 3.

---

[5] This Court *sua sponte* consolidated Parks's appeals. **See** Pa.R.A.P. 513 (permitting *sua sponte* consolidation).

[6] This Court remanded for the PCRA court to determine whether Parks was entitled to the appointment of counsel, and to either appoint counsel or conduct a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), to determine if Parks wished to remain *pro se*. The PCRA court informed this Court via letter that it conducted a **Grazier** hearing, which was not transcribed, at which Parks declared his intention to proceed *pro se*. **See** Letter, 11/2/21, at 1.

Before reaching a review of issues on the merits, we must determine whether Parks preserved the issues for our review. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a). Here, Parks did not raise his second and third issues before the PCRA court. Because Parks failed to preserve those issues for our review, they are waived.

Since only certain types of claims are cognizable pursuant to the PCRA, we must also determine whether Parks's claims are cognizable. *See* 42 Pa.C.S.A. § 9543(a)(2). To be eligible for PCRA relief, a petitioner must plead and prove that his conviction or sentence resulted from one or more of the following:

(i) a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2). Additionally, the PCRA provides that an issue is waived if the petitioner could have raised it but failed to do so, "before trial . . . [or] . . . on appeal. . .." 42 Pa.C.S.A. § 9544(b).

Parks's first three issues allege that the trial court did not have the authority to amend the DUI highest rate information at docket 598 of 2019, and that the PCRA court and prosecution incorrectly assert that his plea colloquy is a binding document. Parks's Brief at 6. None of Parks's first three issues assert a cognizable claim under the PCRA.[7] Accordingly, he is ineligible for relief on those issues. **See** 42 Pa.C.S.A. § 9543(a)(2); **see also Commonwealth v. Pirela**, 701 A.2d 516, 520 (Pa. 1997) (declining to review a claim where the petitioner failed to plead or prove that his conviction or sentence arose from one of the grounds for relief provided by section 9543(a)(2)). Thus, we do not need to reach the merits of these issues.

Parks's fourth issue asserts that the PCRA court did not address his claims of due process and equal protection violations. Parks's Brief at 3. Parks

_____

[7] As already noted, Parks's second and third issues are waived because they were not raised prior to appeal.

- 6 -

fails to assert any pertinent case law or legal discussion that is relevant to his fourth issue, in contravention to Pa.R.A.P. 2119(a) (providing that an appellant's argument shall be followed by the discussion and citation of pertinent authorities); *see also Commonwealth v. Fletcher*, 986 A.2d 759, 785 (Pa. 2009) (indicating that a claim is waived where appellant fails to discuss cite pertinent authority or relevant detail in his brief). Thus, Parks may not have review of this claim.

Parks's fifth issue asserts that government interference prevented him from receiving a fair trial or sentencing and bars his re-prosecution. Parks's Brief at 3. This claim is likewise not cognizable under the PCRA because Parks could have raised it in a direct appeal. *See* 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b). Further, Parks's argument consists of a three-paragraph discussion regarding double jeopardy legal standards without any application of those standards to the facts of his case. Parks's Brief at 10. Thus, it is waived. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. Bradley*, 232 A.2d 747, 756 (Pa. Super. 2020) (declining to review claim where appellant failed to relate the law to the facts of his case).

Parks fails to present a cognizable claim, and failed to preserve any claims for this Court's review. Accordingly, we affirm the order denying his PCRA petition.

Order affirmed.

J-S07029-22

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/6/2022