645 A.2d 223

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Alphonso ROGERS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Feb. 22, 1994.

Decided Aug. 1, 1994.

Alphonso Rogers, pro se.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Sandra Preuhs, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and CASTILLE, JJ.

## OPINION OF THE COURT

CAPPY *, Justice.

The question before this Court today is whether the appellant, Alphonso Rogers, has a constitutional right to dismiss counsel and proceed *pro se* before the Superior Court after appointed counsel has filed appellate briefs. For the following reasons, we hold that Appellant has no such right and therefore affirm the order of the Superior Court.

Appellant was convicted of rape,[1] two counts of involuntary deviate sexual intercourse,[2] burglary,[3] robbery[4] and two counts of simple assault.[5] A sentence of twelve to thirty years imprisonment was imposed. In 1985, Appellant filed a petition under the Post Conviction Hearing Act, 42 Pa.C.S. §§ 8541–9551,[6] seeking a new trial and reconsideration of sentence. After a hearing, the request for a new trial was denied, but reconsideration of sentence was granted. A sentence of ten years and eight months to twenty-three years imprisonment was then imposed. Appellant filed a motion to modify this sentence, which motion was denied. The Superior

---

* This case has been reassigned to this author.

1. 18 Pa.C.S. § 3121.
2. 18 Pa.C.S. § 3123.
3. 18 Pa.C.S. § 3502.
4. 18 Pa.C.S. § 3701.
5. 18 Pa.C.S. § 2701.
6. Repealed in part and modified in part and renamed the Post Conviction Relief Act, 42 Pa.C.S. 9541–9546, effective April 13, 1988.

Court affirmed. 426 Pa.Super. 641, 620 A.2d 1237. The present appeal, by allowance, ensued.

Appellant was represented by counsel when he appealed to the Superior Court. After counsel filed a brief for that appeal, Appellant filed a motion seeking to waive his right to counsel. The motion alleged that counsel was ineffective. Appellant also filed a *pro se* supplemental brief which purported to amend counsel's brief and raise additional issues. The Superior Court denied the motion to waive counsel, and affirmed without considering any of the matters raised by Appellant *pro se.*

Appellant, proceeding *pro se* in the present appeal, contends that he has a constitutional right to dismiss counsel and proceed *pro se* before the Superior Court. He also claims that, when his *pro se* brief was filed in that court, appellate counsel should have petitioned for a remand to determine whether the waiver was a knowing and voluntary one. We disagree.

■ It is well settled that a criminal defendant or appellant has the right to proceed *pro se* at trial and through appellate proceedings. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Commonwealth v. Ellis,* 534 Pa. 176, 626 A.2d 1137 (1993); *Commonwealth v. Monica,* 528 Pa. 266, 597 A.2d 600 (1991); *Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978); Pa.R.Crim.P. 318. However, we do not agree that a criminal appellant may terminate counsel after the time of counsel's filing of appellate briefs simply because he wishes to file *pro se* appellate briefs.

In *Ellis,* this Court upheld the Superior Court's practice of not reviewing *pro se* briefs in cases where counseled briefs have been filed. Additionally, we noted that appellants who wish to proceed *pro se* can petition to terminate their legal representation. Although we did not reach the question of whether an appellant can terminate counsel after the appellate process has already begun, we stated:

A represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of crimi-

nal procedure, proceed on his own behalf. Conversely, he may elect to allow counsel to take his appeal, but, should counsel not prevail, assert counsel's ineffectiveness at a later time and, thus indirectly, assert the claims he would have made on direct appeal. *The only thing he may not do is confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf.*

*Ellis,* 534 Pa. at 183–84, 626 A.2d at 1141 (emphasis added).

 Clearly, under *Ellis,* an appellant has the right to terminate appellate representation *prior* to the filing of an appeal. However, *Ellis* specifically condemns the practice of filing separate *pro se* briefs which "*confuse and overburden the court.*" Allowing Appellant in the case *sub judice* to terminate counsel and proceed *pro se* on amended and supplemented briefs would, we believe, result in just the confusion and overburdening of the court we proscribed in *Ellis.*

We therefore find that it is appropriate to prohibit such a tactic and to require an appellant to remain with counsel through the appeal, once counsel has filed briefs. We also emphasize that this policy would in no way undermine an appellant's interest in adequate representation. As stated in *Ellis,* an appellant is always free to assert appellate counsel's ineffectiveness at a later time. *Ellis,* 534 Pa. at 181–82, 626 A.2d at 1140.

Accordingly, the order of the Superior Court is affirmed.

MONTEMURO, J., did not participate in the consideration or decision of this case.**

FLAHERTY, J., files a dissenting opinion in which ZAPPALA, J., joins.

** Mr. Justice Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of Mr. Justice Larsen, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

FLAHERTY, Justice, dissenting.

I dissent. In *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137 (1993), we upheld the Superior Court's practice of not reviewing pro se briefs in cases where counseled briefs have been filed. We also noted that appellants who wish to proceed pro se can petition to terminate their legal representation.[1]

[B]y denying appellants in criminal cases hybrid representation and refusing to consider their pro se briefs, Superior Court did not adversely affect their constitutional rights but did, on the other hand, thoughtfully and fairly provide for the adjudication of criminal appeals. A represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf. Conversely, he may elect to allow counsel to take his appeal, but, should counsel not prevail, assert counsel's ineffectiveness at a later time and, thus indirectly, assert the claims he would have made on direct appeal. The only thing he may not do is confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf.

534 Pa. at 183–84, 626 A.2d at 1141. Thus, were it not for the fact in the present case that appellant sought to dismiss counsel, the Superior Court's refusal to consider issues raised pro se would have been proper. Appellant's request to waive his right to counsel was given no effect by the court, however, and this was error.

It is well established that a defendant has a constitutional right to self-representation in a criminal proceeding, and that the right can be exercised by a knowing and voluntary waiver of the right to counsel. *Faretta v. California*, 422 U.S. 806, 834–36, 95 S.Ct. 2525, 2540–42, 45 L.Ed.2d 562, 581–82 (1975) (right to self-representation at trial emanates from the Sixth Amendment); *Commonwealth v. Ellis*, 534 Pa. at 178–79, 626 A.2d at 1138; *Commonwealth v. Monica*, 528 Pa. 266, 597 A.2d 600 (1991); *Commonwealth v. Davis*, 479 Pa. 274, 276–77,

---

1. See generally Annotation, *Existence and Extent of Right of Litigant in Civil Case, or of Criminal Defendant, to Represent Himself Before State Appellate Courts*, 24 A.L.R.4th 430 (1983).

388 A.2d 324, 325 (1978); Pa.R.Crim.P. 318 (procedure for waiver of counsel).

An on-the-record colloquy, designed to insure that the defendant is acting knowingly, intelligently, and voluntarily, is the means by which a defendant's right to waive representation by counsel must be exercised at the trial court level. *Commonwealth v. Monica*, 528 Pa. at 273–75, 597 A.2d at 603–04; *Commonwealth v. Bryant*, 524 Pa. 564, 571, 574 A.2d 590, 594 (1990); Pa.R.Crim.P. 318(c).

When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should still be made that the waiver is a knowing, intelligent, and voluntary one. The determination would necessarily differ in various respects from a colloquy conducted at the trial stage. As the Superior Court stated in *Commonwealth v. Meehan*, 427 Pa.Super. 261, 628 A.2d 1151 (1993),

> Rule 318 [governing procedures for waiver of counsel] was designed to apply to trial proceedings rather than post-conviction hearings. In reviewing the questions contained in the Comment to Rule 318, it is apparent that some of the questions are irrelevant when viewed in the context of a post-conviction proceeding. For example, a defendant need not be apprised of the charges against him, the elements of each offense, and the permissible sentencing ranges or fines since, having been convicted, the defendant is presumably aware of both the offenses and any sentence or fine imposed therefor. We therefore conclude that inquiry into all of the areas set forth in the Comment to Rule 318 need not be conducted for a waiver of the right to counsel in a PCRA proceeding to be deemed valid. Nonetheless, the defendant must be apprised of his right to counsel and the risks of forfeiting that right. See *Commonwealth v. Monica*, supra. Such inquiry would necessarily include a discussion of whether the defendant understands: (1) his right to be represented by counsel; (2) that if he waives this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted. *See* Comment to Rule 318.

A request to waive appellate counsel must, of course, be made in a timely and definite manner that does not serve simply to disrupt the appellate process. Cf. *Faretta v. California*, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 582 (timely and unequivocal request to waive counsel at trial). Examination of the sequence of events surrounding appellant's appeal to the Superior Court reveals that no substantial disruption of the appellate process would have occurred if this case had been remanded to the trial court for a hearing on appellant's expressed desire to proceed pro se.

Appellate counsel filed a brief with the Superior Court on July 1, 1992. Appellant filed his motion to proceed pro se on July 28, 1992, and filed his supplemental brief on or about August 4, 1992. The Superior Court denied the motion to proceed pro se on August 7, 1992, and rendered its decision affirming the lower court on November 2, 1992. Hence, appellant's motion was filed just twenty-seven days after a counseled brief was filed in his behalf, this being a prompt response to inadequacies which appellant believed to exist in the counseled brief. It was also more than three months before the Superior Court rendered its decision in the case.

Given appellant's timely and unequivocal request to conduct his appeal pro se, it was error to deny the request rather than remand to the trial court for a determination of whether the request was made knowingly, intelligently, and voluntarily.

ZAPPALA, J., joins in this dissenting opinion.