713 A.2d 81

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Guy Thomas GRAZIER, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 16, 1998.

Decided June 15, 1998.

10

Guy T. Grazier, pro se.

Thomas N. Farrell, Michael W. Streily, Pittsburgh, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This is an appeal from a memorandum decision of Superior Court which affirmed an order of the Court of Common Pleas of Allegheny County denying a petition under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. § 9541 et seq.[1]

In 1983, the appellant, Guy Thomas Grazier, was convicted of kidnapping. The conviction arose from an incident in which eyewitnesses saw appellant and his co-defendant, Bruce Thomas, carry a body out of Thomas' apartment, place it in the trunk of Thomas' car, and drive away. Several hours later the body of Thomas' girlfriend, Teresa Forlastro, was found in a lake. She had been shot through the head. Appellant was convicted of kidnapping and sentenced to ten to twenty years imprisonment for his participation in this crime.

In 1986, Superior Court affirmed the judgment of sentence. Appellant subsequently filed a *pro se* petition for relief pursuant to the PCHA. Counsel was appointed and an amended petition was filed. Counsel was then granted leave to withdraw and another counsel was appointed. Ultimately, in 1995, the PCHA court dismissed the petition.

Appellant filed a timely *pro se* notice of appeal to Superior Court. Soon thereafter he filed a *pro se* brief, but the brief was returned to him with a notice that the date for filing briefs had not yet been scheduled by the court. Appellant filed several petitions to remove counsel and proceed *pro se.* The court denied the first of these and referred it to counsel. A second petition to remove counsel and proceed *pro se* was filed. Counsel then filed a brief on appellant's behalf. The latter petition was referred to counsel. A third petition, seeking to file a *pro se* brief and proceed without counsel, was

---

1. The PCHA was modified in part, repealed in part, and renamed the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, effective April 13, 1988. Because the present petition was filed on August 9, 1987, prior to the effective date of the PCRA, it must be evaluated under the former act. See *Commonwealth v. Lawson*, 519 Pa. 504, 506 n. 1, 549 A.2d 107, 108 n. 1 (1988).

subsequently filed. It, too, was referred to counsel. On January 10, 1997, the order of the PCHA court was affirmed.

The present appeal commenced when appellant filed a timely *pro se* petition for allowance of appeal and a petition to proceed *pro se*. Counsel filed a petition for leave to withdraw. We granted all of these petitions.

■ At issue is whether Superior Court erred in its disposition of appellant's petitions to remove counsel and proceed *pro se*. When the court denied the first such petition and referred it and the subsequent petitions to counsel, the stated basis for its action was *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137 (1993). The court's reliance on *Ellis* was, however, misplaced. In *Ellis*, we held that an appellate court is not required to review *pro se* briefs filed by represented appellants. *Id.* at 183–84, 626 A.2d at 1141. *Ellis* does not stand for the proposition that a court is free to ignore an appellant's request to remove counsel and proceed *pro se*. To the contrary, *Ellis* expressly recognized the right to proceed without the assistance of counsel: "[a] represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf." *Id.* Accord *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (constitutional right to proceed without counsel).

In *Commonwealth v. Rogers*, 537 Pa. 581, 583, 645 A.2d 223, 224 (1994), the right to proceed *pro se* at the appellate stage was again recognized: "[i]t is well settled that a criminal defendant or appellant has the right to proceed *pro se* at trial and through appellate proceedings." This court held, however, that when an appellant requests *pro se* status after his counsel has filed an appellate brief, the request is untimely. *Id.* at 583–84, 645 A.2d at 224. In the present case, however, appellant filed petitions to dismiss counsel and proceed *pro se* before an appellate brief was filed by counsel.

■ Given appellant's timely and unequivocal request to conduct his appeal *pro se,* it was error to simply deny the request and refer the matter to counsel. When a waiver of

the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one. See *Rogers*, 537 Pa. at 586–87, 645 A.2d at 225–26 (Flaherty, J., dissenting); *Commonwealth v. Meehan*, 427 Pa.Super. 261, 273–75, 628 A.2d 1151, 1157 (1993), appeal denied, 538 Pa. 667, 649 A.2d 670 (1994); *Commonwealth v. Gonzalez*, 402 Pa.Super. 610, 587 A.2d 786 (1991). Superior Court erred in not remanding this case to the trial court to make the necessary determination. The order of Superior Court must, therefore, be reversed and the case remanded to that court for proceedings consistent with this opinion.

Order reversed, and case remanded.