J-S54004-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON SCOTT JOHNSON | : | |
| | : | |
| Appellant | : | No. 924 WDA 2017 |

Appeal from the Judgment of Sentence May 11, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003103-2015

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

JUDGMENT ORDER BY PANELLA, J.:                FILED NOVEMBER 08, 2018

Aaron Scott Johnson challenges the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his convictions for firearms offenses. Because the trial court failed to conduct a Grazier[1] hearing to determine whether Appellant knowingly, intelligently, and voluntarily waived his right to counsel on direct appeal, we remand.

The relevant facts and procedural history of this case are as follows. At around 8:30 in the evening on September 2, 2014, police received a call after a burglar alarm sounded at the Imani Christian School Academy. As the responding officers walked around the property, looking for points of entry, they spotted Appellant crouched behind the building. When Appellant noticed the officers, he said "oh shit," grabbed the waistband of his pants, and began

_____

[1] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

running away. N.T., Hearing, 5/11/17, at 20. During the pursuit, Appellant tripped down a flight of stairs, and officers saw the handle of a pistol sticking out of his pants. Appellant threw the gun in the bushes nearby and continued to flee as his accomplice, Jasan Pearson, attempted to hold police off using boxing moves. Police eventually managed to subdue both men and recover Appellant's discarded firearm.

Appellant was charged with possession of a firearm by a person prohibited; carrying a firearm without a license; tampering with physical evidence; resisting arrest; and defiant trespass.[2] He filed a motion seeking suppression of the firearm, which the court denied. He proceeded to a bench trial, where the court convicted him on all charges. The court imposed a sentence of 16 to 32 months' incarceration. Appellant filed a timely,[3] pro se notice of appeal, despite counsel's continued representation.[4] He also filed a

_____

[2] 18 Pa.C.S.A. §§ 6105(a)(1); 6106(a)(1); 4910(1); 5104; 3503(b)(1)(ii), respectively.

[3] "[T]he prisoner mailbox rule provides that a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." Commonwealth v. Chambers, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted). Appellant challenges the judgment of sentence entered on May 11, 2017. As he did not file any post-sentence motions, Appellant had 30 days from that date to file a notice of appeal. See Pa.R.A.P. 903(a). Appellant dated his pro se notice of appeal June 7, 2017, though the docket states it was not filed until June 16, 2017. Per the prisoner mailbox rule, we will regard Appellant's notice of appeal as having been filed on June 7, 2017. Thus, it is timely.

[4] A criminal defendant has no right to hybrid representation. See Commonwealth v. Cooper, 27 A.3d 994, 1001 (Pa. 2011). However, we

"Notice of Pro Se Representation." Both counsel and Appellant filed concise statements of errors complained of on appeal, pursuant to Rule 1925(b). Appellant then requested the court hold a Grazier hearing. The certified record stops there.

In its brief, the Commonwealth states that the court did not hold a Grazier hearing, and instead granted Appellant's counsel's motion to withdraw. That motion and order, however, are absent from the record.

"It is well settled that a criminal defendant or appellant has the right to proceed pro se at trial and through appellate proceedings." Commonwealth v. Rogers, 645 A.2d 223, 224 (Pa. 1994) (citations omitted). However, should he seek to waive his right to counsel at the appellate stage, after employing the assistance of counsel at trial, "an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." Grazier, 713 A.2d at 82 (citations omitted).

Here, the record does not reveal whether any such hearing occurred. If the Commonwealth's factual recitation is correct, we are concerned by the court's decision to permit counsel's withdrawal without first holding the Grazier hearing. Though his various pro se filings demonstrate Appellant's wish to proceed without counsel, it is impossible to determine from this incomplete record whether he does so knowingly, intelligently, and voluntarily.

_____

note that even when a defendant is represented by counsel, he may nevertheless file a pro se notice of appeal, which this Court is required to docket. See Commonwealth v. Williams, 151 A.3d 621, 624 (Pa. Super. 2016). We accept Appellant's notice of appeal as properly filed.

And given the utterly disjointed state of his appellate brief, which contains merely a single page of argument discrediting the facts established at trial and largely fails to comply with our Rules of Appellate Procedure, we find it especially critical for the trial court to determine whether Appellant understands the important rights he rejects by proceeding pro se.

Thus, we remand for a Grazier hearing that is to take place within thirty days of the date of this decision. The court is to determine whether Appellant wishes to waive his right to counsel and, if so, whether such waiver is knowing, intelligent, and voluntary. Should Appellant decide that he does not wish to continue representing himself, the court shall appoint new counsel. In that case, counsel must enter her appearance. And the court shall direct counsel to file a statement pursuant to Rule 1925 and the court shall issue a Rule 1925(a) opinion within 30 days of receipt of counsel's Rule 1925 statement. Counsel's brief would then be due in this Court within thirty days of the filing of statement of matters complained of on appeal.

Alternatively, if Appellant waives his right to counsel before, the court shall promptly certify and supply to us the necessary transcript of the Grazier hearing so that we may proceed to address the appeal.

Case remanded with instructions. Panel jurisdiction retained.