J-S21027-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JERRY A. FERGUSON | : | |
| Appellant | : | No. 1344 WDA 2019 |

Appeal from the Orders Entered August 12, 2019 and August 22, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002206-2018

BEFORE: LAZARUS, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:                    FILED JUNE 03, 2020

Appellant Jerry A. Ferguson filed this pro se interlocutory appeal from August 2019 Orders appointing Attorney James Miller to represent Appellant (1) for the limited purpose of researching a legal issue, and (2) later, as counsel of record for Appellant. In this appeal, Appellant contended that the court's appointment of counsel infringed on his constitutional right to represent himself. Due to intervening circumstances, this issue is moot. We, thus, dismiss this appeal.

After Appellant filed this interlocutory appeal,[1] the trial court held a Grazier[2] hearing, following which the court allowed him to proceed pro se. After several months of miscellaneous pro se filings, including requests for

_____

[1] Due to our disposition, we decline to address the permissibility of this interlocutory appeal.

[2] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

continuances, motions to dismiss, and motions for discovery, Appellant entered a negotiated guilty plea on November 4, 2019. The court sentenced Appellant to time served as negotiated and ordered that he be released from detention.

Because the court permitted Appellant to proceed pro se, his challenge to the appointment of counsel is moot. See In re Gross, 382 A.2d 116, 119 (Pa. 1978) (finding appeal moot where the controversy no longer existed due to intervening facts). Moreover, because Appellant entered a negotiated guilty plea and served his sentence, this Court is unable to enter any order that has any legal force or effect. See In re D.A., 801 A.2d 614, 616 (Pa. Super. 2002) (reiterating that "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." (citation omitted)).

Appeal dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2020