J-S23035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANUEL PAGAN, JR. | : | |
| | : | |
| Appellant | : | No. 14 MDA 2022 |

Appeal from the PCRA Order Entered December 14, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001286-2017

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:

Manuel Pagan, Jr., appeals from the order dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. Pagan, acting *pro* se, has also submitted a filing titled "Motion to Proceed *Pro Se*". In that motion, Pagan, *inter alia*, "requests that this Court remand [his] case back to the PCRA court and allow him to further develop [a layered ineffective assistance of counsel] claim *pro se* (or with newly appointed counsel)." Motion to Proceed *Pro Se*, dated 9/22/22, at 7 (finding fault with both his trial and PCRA counsel). Furthermore, Pagan "requests that [this] Court grant him leave to raise and develop four additional [ineffective assistance of counsel] claims." **Id**. Pagan premises his present ability to assert a claim that his PCRA counsel was ineffective based on our

_____

* Retired Senior Judge assigned to the Superior Court.

Supreme Court's decision in **Commonwealth v. Bradley**. **See** 261 A.3d 381 (Pa. 2021). We vacate the order dismissing Pagan's petition and remand for further proceedings.

Pagan's counsel in the current appeal is the same counsel who represented him before the PCRA court. Pagan's twelve-page *pro se* motion avers that his PCRA counsel was ineffective because counsel failed "to bring up [multiple] issues related to trial counsel's ineffectiveness[.]" Motion to Proceed *Pro Se*, dated 9/22/22, at 4. Believing his PCRA counsel's omissions to have effectively waived review of meritorious pathways to relief, Pagan asserts that he "had no way to compel [PCRA counsel] (who had already filed a **Finley** [550 A.2d 213 (Pa. Super. 1998) (*en banc*)] [l]etter and demonstrated no interest in [his] case) to litigate more issues that [Pagan] wanted to litigate." **Id**. Furthermore, Pagan believes that PCRA counsel "underdeveloped" the sole claim advanced on his behalf in the present appeal. **Id**., at 6. Accordingly, Pagan seeks remand, which "would include the appointment of new PCRA counsel or, alternatively, [Pagan] would be allowed to represent himself." **Id**., at 4.

Implicit in Pagan's argument is that this is his first opportunity to raise a claim that his PCRA counsel was ineffective. Guided by **Bradley**, the record does not yield any clear resolution to the varied issues asserted in Pagan's *pro se* motion. As such, a remand is appropriate for further proceedings. **See Bradley**, 261 A.3d at 401-02 (allowing a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, encompassing

even an appeal from a PCRA court determination, and further identifying that an "appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter").[1]

Pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court should, on remand, hold a hearing to ascertain whether Pagan is permitted to proceed *pro se* or is entitled to the appointment of new counsel. If continuing without prior counsel is appropriate, the court should then allow Pagan to more fully develop his contention that his PCRA counsel was ineffective. After that, the court should make a corresponding ruling on the issue of ineffectiveness, allowing for the disposal of this claim in the first instance.

---

[1] Given that Pagan's PCRA counsel has filed a brief in this appeal, we acknowledge the apparent disconnect between the *Bradley* decision, which gives PCRA petitioners the ability to assert ineffective assistance of counsel claims against their PCRA counsel at the first opportunity to do so, and our Supreme Court's decision in *Commonwealth v. Rogers*, 645 A.2d 223 (Pa. 1994), wherein it was made clear that appellants are required to remain with counsel through an appeal once an appellate brief has been filed. *See* 645 A.2d at 584.

Order vacated. Motion to proceed *pro se* denied as moot. Case remanded.

Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2022