J-S22025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RENADA BARBARA MYERS | : | |
| | : | |
| Appellant | : | No. 342 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 20, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-003198-2018

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:                  **FILED DECEMBER 28, 2022**

Renada Barbara Myers (Appellant) appeals from the judgment of sentence entered in the Chester County Court of Common Pleas following her jury convictions of four counts of robbery,[1] two counts of burglary,[2] and one count each of theft by unlawful taking or disposition (theft), criminal use of a communication facility, prostitution, and criminal conspiracy to commit robbery, burglary, and theft.[3]  The trial court imposed an aggregate sentence of five to ten years' incarceration, followed by ten years of probation.

_____

[1] 18 Pa.C.S. § 3701(a)(1)(ii), (iii), (iv), and (v).

[2] 18 Pa.C.S. § 3502(a)(1)(i) and (ii).

[3] 18 Pa.C.S. §§ 3921(a), 7512(a), 5902(a)(1), and 903(a)(1)-(2), respectively.

Appellant contends that the trial court erred when it failed to address her claim of ineffective assistance of trial counsel. Based on the following, we affirm.[4]

A detailed recitation of the underlying factual history is not necessary for this appeal. Briefly, we note Appellant's convictions stem "from her role in a vicious home invasion robbery that occurred in the late evening and early morning hours of August 7–8, 2018." Trial Ct. Op., 4/1/22, at 2 (footnote omitted).[5] A five-day jury trial began on May 24, 2021.[6] On May 28, 2021, the jury convicted Appellant of the above-mentioned crimes. On October 20, 2021, the court sentenced Appellant as follows: (1) a term of two and one-

---

[4] On September 19, 2022, Appellant filed a *pro se* application to proceed *pro se*. "It is well settled that a criminal defendant or appellant has the right to proceed *pro se* at trial and through appellate proceedings." **Commonwealth v. Rogers**, 645 A.2d 223, 224 (Pa. 1994). However, in **Rogers**, the Pennsylvania Supreme Court held that when an appellant requests *pro se* status after their counsel has filed an appellate brief, the request is considered untimely. **Id.** at 224. The Supreme Court opined that "[a]llowing [an a]ppellant . . . to terminate counsel and proceed *pro se* on amended and supplemented briefs would, we believe, result in . . . confusion and overburdening of the court[.]" **Id.** The Court further concluded: "[I]t is appropriate to prohibit such a tactic and to require an appellant to remain with counsel through the appeal, once counsel has filed briefs. We also emphasize that this policy would in no way undermine an appellant's interest in adequate representation." **Id.** Turning to the instant matter, Appellant filed her application to proceed *pro se* well after her appellant's brief was filed on May 12, 2022. Therefore, in accordance with **Rogers**, we deny Appellant's application.

[5] We refer the reader to the trial court's Opinion *Sur* Pa.R.A.P. 1925(a) for a thorough factual history. **See** Trial Ct. Op. at 4-27.

[6] At the time of trial, Appellant was represented by Phillip A. Simon, Esquire ("trial counsel").

half to five years' incarceration for the conspiracy to commit robbery conviction; (2) a consecutive term of two and one-half to five years' imprisonment for the Section 3701(a)(1)(ii) robbery conviction; and (3) a consecutive term of ten years' probation for the Section 3502(a)(1)(i) burglary conviction. The court imposed no further penalty with respect to the remaining convictions.

During this time, trial counsel filed a motion to withdraw. The trial court held a **Grazier**[7] hearing on July 2, 2021, to address the motion. Five days later, the court granted trial counsel's motion to withdraw and appointed Edward J. Gallen, Esquire, to represent Appellant.

On October 27, 2021, Appellant filed a post-sentence motion, in which she alleged, in relevant part, that: (1) her constitutional rights were violated because at the time of her initial custodial interview, she was not advised of the right to remain silent as required by **Miranda v. Arizona**, 384 U.S. 436 (1966); and (2) trial counsel was ineffective for failing to file a motion to suppress her in-custody statement when she had not been expressly warned of her right to remain silent.[8] **See** Post-Sentence Motion, 10/27/21, at 2-6, 8-10. An evidentiary hearing was held on December 16, 2021. The court

---

[7] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[8] Appellant also raised sufficiency and discretionary aspects of sentencing claims.

denied the motion on January 11, 2022, rejecting her "contention that she [was] entitled to a new trial and/or judgment of acquittal because her *Miranda* warnings failed to expressly state that she had the right to remain silent [as] without merit" and finding her "ineffective assistance claims [were] not appropriate to be tried at this stage[.]" Order, 1/11/22, at 1 n.1. The court deferred the ineffectiveness claims for collateral review. *Id.* This timely appeal followed.[9]

Appellant raises the following issue on appeal: Did the trial court err and abuse its discretion in denying her post-sentence motion by finding her *Miranda* claim had no merit and resultingly, her ineffectiveness argument

_____

[9] On January 19, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a concise statement on February 6, 2022. The court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 1, 2022.

must await review under the Post Conviction Relief Act[10] (PCRA). **See** Appellant's Brief at 4.[11, 12]

Appellant alleges that trial counsel was ineffective for failing to file a motion to suppress her confession because her Fifth Amendment right against self-incrimination was violated. **See** Appellant's Brief at 39. She states: (1) the underlying claim had arguable merit because she was not advised specifically of her right to remain silent at her custodial interrogation; (2) trial counsel had no reasonable basis for failing to request suppression of her statements; and (3) counsel's ineffectiveness was prejudicial as "there is more than a reasonable probability sufficient to undermine confidence in the outcome of the proceeding." **Id.** at 39-41 (citations & quotation marks omitted).

_____

[10] 42 Pa.C.S. §§ 9541-9546.

[11] In Appellant's concise statement, she raised four additional claims (admissibility of evidence, sufficiency, and weight challenges). **See** Appellant's Concise Statement of Matters Complained of on Appeal, 2/6/22, at 3-7. However, in her appellate brief, Appellant indicated that these claims were frivolous and without merit and therefore, she did not develop any argument with respect to these issues. **See** Appellant's Brief at 4-11. Based on her assertions, we will deem these issues abandoned by Appellant for review purposes. **See Commonwealth v. Dunphy**, 20 A.3d 1215, 1218-19 (Pa. Super. 2011) (finding issues raised in Pa.R.A.P. 1925(b) statement that are not included in appellate brief are abandoned).

[12] We have rearranged Appellant's argument for ease of disposition.

Moreover, Appellant disagrees with the court's determination that the ineffectiveness claim should be deferred to PCRA review because neither exception, as set forth in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), applies. **See** Appellant's Brief at 43. She states the first exception was satisfied because this was a "clear and obvious violation" of her constitutional right and was "so very extraordinary and meritorious that justice required immediate consideration and relief." **Id.** As for the second exception, Appellant contends that "no prolix claims were raised" and she "did express a knowing[ ] and voluntary[y] waiver of her PCRA review right." **Id.** at 44 (quotation marks omitted).

Appellant next addresses her underlying claim — that her constitutional right against self-incrimination[13] "was violated when she was not advised effectively and/or specifically of her right to remain silent at her in-custody interrogation." Appellant's Brief at 35. She states the August 15, 2018, line of questioning, conducted by Corporal Gallani of the Pennsylvania State Police, did not comply with **Commonwealth v. Smith**, 297 A.2d 810, 813 (Pa. 1972) (reversing defendant's conviction and awarding him a new trial because police failed "to expressly inform[ ] him of his right to remain silent" during a custodial interrogation). Appellant's Brief at 35. She alleges Corporal Gallani "failed to effectively warn" her of her Fifth Amendment right when "in

_____

[13] **See** U.S.Const. amend. V & Pa.Const. art.1 § 9.

essence[, he said] no more than we are going to talk, I will ask questions and you, [Appellant,] can answer some, all or whatever[.]" *Id.* at 37-38. Appellant alleges this statement was "insufficient to establish that [she] voluntary[ily], intelligent[ly], and knowingly waived her absolute right to remain silent." *Id.* at 38.

We reiterate that trial counsel did not file a motion to suppress, and therefore, the only means for Appellant to pursue her Fifth Amendment claim is by raising an ineffective assistance of counsel argument. However, before we can address the merits of Appellant's underlying, substantive claim, we must first consider the threshold question of whether the trial court erred by not considering her ineffectiveness claim on direct appeal by finding she did not knowingly waive her right to PCRA review.

In *Holmes*, the Pennsylvania Supreme Court reaffirmed the general rule that was initially set forth in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) — that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Holmes*, 79 A.3d at 576 (footnote omitted). The *Holmes* Court provided for two limited exceptions to this general rule: 1) in "an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) when

the defendant raises "multiple, and indeed comprehensive, ineffectiveness claims[,]" which the court, "in its discretion, and for good cause shown," determines post-verdict review is warranted, and the defendant waives his right to PCRA review. **Holmes**, 79 A.3d at 577-78. It merits emphasizing that both exceptions fall "within the discretion of the trial judge." **Id.** at 563.

The Pennsylvania Supreme Court subsequently recognized a third exception permitting courts "to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018). This exception is not applicable to the case at hand because, as the trial court points out, "there is nothing barring [Appellant] from seeking collateral review[.]" Trial Ct. Op. at 28.

We also acknowledge that the Pennsylvania Supreme Court recently provided an additional limited circumstance where an appellant may raise a claim of ineffective assistance of counsel outside of a PCRA petition. **See Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). In **Bradley**, the Supreme Court emphasized the necessity to enact a "more appropriate mechanism for the enforcement of effective assistance of counsel in PCRA proceedings." **Id.** at 401. The Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** (footnote omitted). Because review of Appellant's

case is at the direct appeal stage and Appellant has not had the opportunity to file a PCRA petition, **Bradley** is not applicable. Accordingly, we are left with the question of whether either **Holmes** exception is applicable.

Moreover, we note that

in order for a defendant to raise counsel's ineffectiveness on direct appeal, he or she must expressly, knowingly and voluntarily waive his or her right to PCRA review. Thus, established waiver principles must be applied to waiver of PCRA review when a defendant wishes to expedite the review of ineffective assistance of counsel claims by way of a post-trial motion. Consequently, a defendant must participate in an on-the-record colloquy, which ensures the defendant is aware of the rights being waived, *i.e.*, the "essential ingredients" of PCRA review. This includes, but is not limited to, an explanation of (1) the eligibility requirements for PCRA relief; (2) the right to be represented by counsel for a first PCRA petition; (3) the types of issues that could be raised pursuant to the PCRA that are now being given up; and (4) the PCRA is the sole means of obtaining nearly all types of collateral relief. **See** 42 Pa.C.S. §§ 9542-9543; Pa.R.Crim.P. 904(C). The trial court must also ensure the defendant has made the decision to waive [her] right to PCRA review after consulting with counsel (if any) and in consideration of his rights as they have been explained in the colloquy.

**Commonwealth v. Baker**, 72 A.3d 652, 668 (Pa. Super. 2013) (footnote omitted).

The record reveals that at the December 16, 2021, post-sentence motion hearing, the parties and the court extensively discussed the legal ramifications of Appellant's ineffectiveness claim on direct appeal:

[The Commonwealth]: . . . The Commonwealth is ready to proceed on all motions. The issue that I feel is necessary to put on the record is that [Appellant] would be waiving her PCRA rights if we do move forward with some of the issues brought up in the motion today, and, specifically, the motion for ineffectiveness of counsel.

I did try to communicate that with [Attorney Gallen] about that issue to see if he's informed [Appellant] that she would be waiving those rights, the importance of waiving her PCRA rights. It seems as though counsel's under the impression that new case law has changed that, and cites . . . **Bradley**. . . . [T]hat case has no effect on ineffectiveness claims for trial counsel. That case is, specifically, about ineffectiveness claims with regards to PCRA counsel. . . .

And the current law on raising this issue and waiving PCRA rights does remain the same importance of waiving the PCRA rights in order to actually address an ineffectiveness of counsel claim. It does still exist under the law.

So in order to move forward on any of those motions, there needs to be a formal colloquy of her waiver of those rights.

THE COURT: [Attorney] Gallen.

[Attorney Gallen]: I agree in part, disagree in part. But I would agree that she has *via* waiver before the Court as to the PCRA, as to ineffectiveness of [trial counsel].

THE COURT: All right.

The Commonwealth's point is well taken. I share the concern that if we move forward on the ineffectiveness, the partial claim today, that [Appellant] is, potentially, waiving those rights moving forward on PCRA.

*    *    *

[Attorney Gallen: The Commonwealth] mentioned **Bradley**, which is a very recent case with the Supreme Court, a lot of help from [a]micus filings, discuss the present state of the PCRA. Part of that discussion [had to do with] lapping, that has replaced attorneys over time with that PCRA.

The reason I brought it up, it appears from the discussion, and that really won't have an impact on her PCRA today, but it does show that the Supreme Court is influx about PCRA. PCRA originated . . . with [**Commonwealth v.**] **Hubbard**[, 372 A.2d 687 (Pa. 1977)]. [Under **Hubbard**, Appellant] could file an

indirect appeal ineffectiveness. After **Hubbard** came **Grant**, which then restricted . . . the PCRA. And then I think it's [**Commonwealth v.**] **Bomar**,[ 826 A.2d 831 (Pa. 2003),] which does, under very limited conditions, which requires a waiver of defendant that she . . . could bring ineffectiveness up at an earlier time. The reason we're bringing it up today is it's an extremely narrow focus of law.

Basically, the contention is that the statement which was used against her where we're arguing which was acquired without having been told to expressly advise of her right to remain silent, was the crux of the Commonwealth's case against [Appellant].

. . . It's not a discussion of we had a suppression, was the Court right or wrong. The case law as to the statement being given to the defendant of right to remain silent is very, very specific, and constantly use the phrase must be expressly, and given, something you can't avoid by some other wording.

So with that in mind, and the fact that it would go to PCRA, what would happen if we don't do it today, most likely or not, we're going to file an appeal to the Superior Court, and go through the Superior Court, they remand it back. Then you go back to the Supreme Court, then [Appellant] gets a PCRA hearing. But the facts remain the same. And, more likely than not, in a PCRA hearing, where I believe it might come back to this Court to determine if the trial attorney was effective or ineffective in not suppressing this statement, basically, did he have a reasonable reason for not suppressing the statement.

THE COURT: But, counsel, let me ask you this: **You don't believe that the current state of the law in Pennsylvania gives your client two bites at the PCRA apple on this issue; do you**?

[Attorney Gallen]: The second bite, no, because -- you bring up my mention lapping of attorneys. One of the issues I saw, as her new attorney, as I should, at least, bring it up, and if she doesn't want to waive it, it goes up, fine. I didn't ignore it. But I didn't want to cause lapping because I was ineffective. So that would be part of the discussion.

THE COURT: Have you discussed this all with [Appellant]?

[Attorney Gallen]: Yes, your Honor. I, basically, told her that [at] the hearing today, I'm asking the Court to . . . hear testimony from [trial counsel] as to why he didn't suppress this, and is there a reasonable basis for doing so. And if the Court finds that it wasn't a reasonable basis, then the Court -- and it's my argument -- could then act on the idea of interest of justice and fair play . . . and the economy of the judicial system, and . . . find the issue of motion for new trial, **she understands by waiving it, she can't bring up that issue as to [trial counsel]'s ineffectiveness with the PCRA court at a further time. But she can bring up mine, if it exists.**

THE COURT: And **your client wants to move forward today with this, knowing that it would be a waiver of her** --

[Attorney Gallen]: Of that issue.

THE COURT: -- later timed PCRA rights on the issue of [trial counsel]'s -- **any claim that she may wish to present with regard to ineffectiveness of trial counsel**.

[Attorney Gallen]: Any issue, or this specific issue of not suppressing the statement?

**My contention is, it's the specific issue of not suppressing the statement.**

THE COURT: All right.

**And you have authority that you can make a hybrid claim? You can bring up part of it now and part of it later? Do you have authority for that**?

[Attorney Gallen]: **No, I do not.**

THE COURT: Commonwealth, do you have a position?

[The Commonwealth]: Your Honor, aside from the issue of losing her PCRA rights, I still would argue that this is not an appropriate claim for today's purposes. The law is still clear that a criminal defendant needs to wait to raise claims of ineffective assistance of trial counsel until a collateral review. And there are two very specific exceptions to that rule.

- 12 -

The first -- both of them cited in . . . **Holmes**, and **Commonwealth versus Harris**[, 114 A.3d 1 (Pa. Super. 2015)].

Does your Honor want me to go through the exceptions for the record?

THE COURT: Go ahead.

[The Commonwealth]: The first exception would be that . . . there may be an extraordinary case where the trial court, in its exercise of its discretion, determines that a claim or claims of ineffectiveness is both meritorious and apparent from the record so that immediate consideration or relief is warranted.

Under the first exception, your Honor would have to find that this claim of ineffectiveness is both meritorious and apparent from the existing trial record, so much so that immediate consideration or relief is warranted.

The second exception, your Honor, is that our Supreme Court has determined in cases where prolix claims of ineffectiveness are raised, unitary review, if permitted at all, should only proceed where it's accompanied by a knowing, voluntary and express waiver of PCRA review.

If your Honor were to consider this prolix claim of ineffectiveness, then you may only proceed if the defendant provides that knowing, voluntary and express waiver.

THE COURT: Anything else?

[The Commonwealth]: No, your Honor.  I just, under that standard, I don't believe that this claim fits for the Court's analysis today.

[Attorney Gallen]: If I may respond, your Honor?

THE COURT: All right.

* * *

[Attorney Gallen]: Your Honor, I was actually going to use [**Harris**] myself.

- 13 -

And counsel, basically, stated it correctly, but prolix, I actually had to go look that up, P-R-O-L-I-X, so that's a widespread claim, not what this Court says, and in the end if counsel's act or omission so undermines the true determination process so no reliable adjudication of guilt or innocence could have taken place.

And our contention is the failure to suppress that statement, the crux of the Commonwealth's case in this case, is apparent. It's apparent in the record. The Court's aware of the *Miranda* rights. When you look at the record of the testimony in court during trial, the trooper testifies that, oh, I read [Appellant] her rights. One, the review of the video, he read nothing to her. He quoted from memory. And he starts with right to an attorney.

He never said says expressly to the defendant that the defendant had a right to remain silent. And that is apparent in the record and in the testimony in the court.

THE COURT: All right.

I am going to take just a moment. I'll be right back.

[The Commonwealth]: Your Honor, I apologize, before you step down, if I may briefly respond to make this a little easier because there is a lot of argument here and in this motion about this express warning of *Miranda*. But the Supreme Court and Pennsylvania Courts have been very clear that *Miranda* does not need to be some direct quote.

\* \* \*

It must simply, reasonably convey to the suspect his or her rights.

[Attorney Gallen]: Your Honor, on that point --

THE COURT: I don't want to hear the argument on the *Miranda* now. I'm well aware of both sides' arguments on that particular issue. I think I was more interested in your argument on how we get to that today, or whether we do.

\* \* \*

- 14 -

As far as . . . the ineffectiveness claim, that would be, generally speaking, reserved for PCRA. I have heard your legal arguments on case law . . . for your different positions with regard to this, **defense believing that you can proceed on this limited issue piecemeal, and then still retain the rest of whatever PCRA claims may exist; and the Commonwealth's insistence that the only way to move forward is with complete waiver of PCRA ineffectiveness rights. I do not believe that we have a provision that provides for hybrid piecemeal**. And I think -- I am unwilling to entertain that claim today. That is more appropriately designed for PCRA.

\* \* \*

I think even with your client's waiver, I disagree with you on the law, counsel. **I don't think she can carve out that one piece and retain those rights going forward, and that concerns me**.

[Attorney Gallen]: Your Honor, on the PCRA, when one files, there is a basis for the complaint. So if [Appellant] wanted to file after today an ineffectiveness of counsel against [trial counsel], **I believe from reading different PCRA's that she could file, not for ineffectiveness due to failure to suppress, but ineffectiveness maybe for something else that occurred during trial**. It doesn't preclude her from attacking some other issue of ineffectiveness. Ineffectiveness isn't totally enunciated why they are ineffective.

THE COURT: You have made your record. I have made my ruling. . . .

N.T., 12/16/21, at 6-17 (emphases added).

In its Rule 1925(a) opinion, the trial court further explained its rationale for finding Appellant did not knowingly waive her right to PCRA review as follows:

At the hearing on [Appellant]'s post-sentence motion, [Attorney Gallen] asserted that his client would waive her right to file a PCRA with respect to the claims against trial counsel that she wished to raise on direct appeal. However, case law informs that any waiver

- 15 -

of PCRA rights in favor of direct review of ineffectiveness claims is a waiver of the right to file a PCRA in its entirety, not simply the specific claims that will be the subject of direct review.

\* \* \*

Determining that a waiver premised on the belief that the right to pursue collateral relief on other issues, including other ineffectiveness issues that may be apparent upon a later review of the record, was not only impermissible but too prejudicial to [Appellant]'s interests, this Court rejected the purported waiver and deferred [her] ineffectiveness claims for collateral review.

Trial Ct. Op. at 30-31 (citations omitted).

The trial court then addressed the **Holmes** exceptions, opining:

Nevertheless, even if we were inclined to adopt [Appellant]'s position, neither of the pertinent exceptions to **Grant**'s deferral rule are applicable here. In order to invoke the first exception under **Holmes**, **supra**, the error assigned to counsel must be apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice[.] [Appellant]'s claim against trial counsel, specifically, that counsel was ineffective for failing to move to suppress [Appellant]'s custodial statement on the grounds that the **Miranda** warnings she received were defective, is not apparent from the record, nor is it, upon studious reflection, meritorious.

[Appellant]'s sole claim in support of the notion that her **Miranda** rights were deficient is that Corporal Gallina did not specifically and expressly use the words "You have the right to remain silent." Without this specific language, [Appellant] claims, her waiver of her Fifth Amendment and Article I, Section 9 rights was not knowing, voluntary, and intelligent. In **Duckworth v. Eagen**, 109 S.Ct. 2875 (U.S. 1989), the United States Supreme Court stated, with respect to the sufficiency of **Miranda** warnings,

We have never insisted that **Miranda** warnings be given in the exact form described in that decision.[ ] In **Miranda** itself, the Court said that "[t]he warnings required and the waiver necessary in accordance with our opinion today are, in the absence of a fully effective equivalent, prerequisites to the admissibility of any statement made by a defendant."

- 16 -

> 384 U.S. at 476 (emphasis added). ***See also Rhode Island v. Innis***, . . . 100 S.Ct. 1682, 1687 . . . ([U.S.] 1980)(referring to "the now familiar ***Miranda*** warnings . . . or their equivalent"). In ***California v. Prysock***, . . . 101 S.Ct. 2806 . . . ([U.S.] 1981)(*per curiam*), we stated that "the 'rigidity' of ***Miranda*** [does not] exten[d] to the precise formulation of the warnings given a criminal defendant," and that "no talismanic incantation [is] required to satisfy its strictures." ***Id.***, at 359, 101 S.Ct. at 2809.

***Duckworth v. Eagen***, 109 S.Ct. 2875, 2880 (U.S. 1989). In other words, the ***Miranda*** advisement need not be given in the exact format described in the ***Miranda*** decision; it is enough that the advisement reasonably conveys to a suspect his or her rights as required by ***Miranda***. ***Duckworth v. Eagan***, 109 S.Ct. 2875 (U.S. 1989). . . . [C]ases previous to ***Duckworth***, *supra*, place heavy emphasis on the need for "effective" ***Miranda*** warnings and do not incorporate a requirement for "magic language" without which ***Miranda*** advisements cannot be considered sufficient. . . .

The cases relied upon by the defense are distinguishable. For example, in ***Commonwealth v. Campbell***, 275 A.2d 64 (Pa. 1971), also prior to ***Duckworth***, *supra*, a case advanced for the proposition that the talismanic words "You have the right to remain silent" are required, the Court's decision was predicated on the fact that, unlike in the present matter, there was a complete failure to warn the defendant of his right to remain silent. Because of this complete failure, it could not be said that the defendant was "effectively" warned of his right to remain silent. The case of ***Commonwealth v. Smith***, 297 A.2d 810 (Pa. 1972), again pre-***Duckworth***, . . . involved a situation where there was a complete failure to warn the defendant of his right to remain silent. Because of their unique factual patterns, these two . . . cases are distinguishable from the one *sub judice*. In ***Commonwealth v. Bullard***, 350 A.2d 797 (Pa. 1976), another pre-***Duckworth*** case, the defendant was interrogated while in custody shackled to a chair, after asserting his rights to remain silent and not be questioned in the absence of counsel. The Court determined that his one-word responses to law enforcement's advisement of his ***Miranda*** rights, made while he was chained to a chair in a police interrogation room, did not constitute a free and uncoerced decision to waive his rights. ***Commonwealth v. Bullard***, 350 A.2d 797 (Pa. 1976).

- 17 -

In the matter before the Court, [Appellant] was not shackled. She was not restrained in any way. She was advised that she could terminate the encounter at any time. The facts of *Bullard*, *supra*, as well as the basis for the Court's decision, are in stark contrast to the facts of the present case and the basis of our decision, and therefore the *Bullard*, *supra* case is distinguishable. Further, as we indicated above, the *Bullard*, *supra* case arose prior to *Duckworth*, *supra* and thus, at least insofar as it may arguably have any import regarding the sufficiency of proffered *Miranda* warnings, its continued vitality is questionable.

As the Commonwealth recited from the transcript of [Appellant]'s August 15, 2018 interview with Corporal Gallina, it is evident that the Corporal provided [Appellant] with an effective notice of her right to remain silent. Corporal Gallina told her that she has the right to have an attorney talk to her prior to and during questioning; that anything she said can and will be used against her in a court of law; anything that she might do would be used against her in a court of law; and that if she could not afford an attorney, one would be provided for her. [Appellant] responded, "Mm-hm." Corporal Gallina then told [Appellant], "if you do decide to answer any questions, you can start talking at any time. And then you can stop at any time - okay. You can answer all my questions, some question or whatever. Okay the ball[']s in your court. Corporal Gallina's warnings to [Appellant] advised her that she was in total control of the interview; that she could speak or not speak as she saw fit. Corporal Gallina's administration of *Miranda* warnings to [Appellant] were sufficient to effectively apprise [Appellant] of her right to remain silent. [Appellant]'s claim to the contrary is without merit. Consequently, the first exception to *Grant*'s deferral rule is not met in the instant case.

Similarly, the second exception to *Grant*'s deferral rule is likewise inapplicable. The second exception to *Grant*'s deferral rule applies when a defendant seeks to litigate "multiple or prolix" claims of counsel ineffectiveness. [Appellant] here has not advanced multiple or prolix ineffective assistance claims. Further, this exception requires that [Appellant] demonstrate "good cause" for addressing the ineffectiveness claims during direct review. As [Appellant]'s lone claim of trial counsel's ineffectiveness has no merit, and there is no impediment in any event to [Appellant] bringing her ineffective assistance claim in a petition for post-

conviction collateral review, [Appellant] has not demonstrated good cause to waive *Grant*'s deferral rule and litigate her ineffective assistance claims on direct appeal. Finally, this exception requires a knowing, voluntary and intelligent waiver of her right to file any PCRA claims following direct review. For the reasons we discussed earlier, [Appellant] was not able or willing to make this type of waiver, as she remained under the misconception that the only waiver required was one that forfeited only her right to raise the single ineffectiveness claim for which she sought direct review. For all of these reasons, [Appellant] is not entitled to invoke the second exception to *Grant*'s deferral rule in order to obtain direct review of her allegation of ineffectiveness against trial counsel. Consequently, [Appellant] is not eligible for the relief she seeks.

This Honorable reviewing Court has held that "[e]ven in cases where one of the two *Holmes* exceptions to *Grant*'s general rule of deferral are seemingly present, it is solely within the trial court's discretion to entertain — or refuse to entertain — the ineffectiveness claim." *Commonwealth v. Shick*, 2019 WL 4955191 *14 (Pa. Super. 2019) [(*en banc*)], *appeal denied*, 229 A.3d 570 (Pa. 2020).

Trial Ct. Op. at 32-36 (some paragraph breaks added; some citations, quotation marks, and emphases omitted).

We agree with the trial court's well-reasoned opinion and affirm on its basis while emphasizing the following. Contrary to Appellant's argument, it is evident from the record that her purported waiver of her right to file any PCRA claims was not knowing and voluntary because it was based on Attorney Gallen's misinterpretation of the relevant case law. At the December 16, 2021, hearing, Attorney Gallen attempted to waive only one of Appellant's prospective claims — trial counsel's ineffectiveness concerning her *Miranda* statement — while asserting that she could bring up other PCRA claims at a later date. *See* N.T., 12/16/21, at 10-11. When asked if counsel had any

legal authority to support a hybrid claim, Attorney Gallen answered in the negative. *Id.* at 11. Appellant still has not presented any case law to refute the principle that an appellant's waiver of PCRA rights encompasses the right to file a PCRA in its entirety. *See Baker*, 72 A.3d at 668 (concluding defendant did not make an express and knowing waiver of right to PCRA review where defendant had been informed that "trial counsel's specific instance of ineffectiveness during direct review meant **only** that [defendant] could not raise **that issue** again on collateral review, which [was] a clear misstatement of the law.") (emphasis in original).[14] We discern that it was not an abuse of discretion on the trial court's part to find that Appellant did not knowingly waive her PCRA rights. *See Holmes*, 79 A.3d at 577-78; *Baker*, 72 A.3d at 668. As such, we agree with the trial court that none of the exceptions apply, and Appellant's ineffectiveness claim should not be considered on direct appeal. Accordingly, we dismiss Appellant's claim of ineffectiveness without prejudice to raise her argument in a timely petition under the PCRA.

---

[14] *See also Holmes*, 79 A.3d at 580 ("Unitary review should not be pursued where it may compromise the fullness of the defendant's options for collateral attack represented by the PCRA, absent an appropriate waiver. The more involved and complicated the case, no doubt, the less likely it may be a candidate to waive the defendant's PCRA rights in order to secure unitary review on post-verdict motions.").

Judgment of sentence affirmed. Appellant's application to proceed *pro se* denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/28/2022</u>