J-S18045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MATTHEW THOMAS PRITT | : | |
| | : | |
| Appellant | : | No. 13 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000097-2024

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED: June 25, 2025**

Appellant, Matthew Pritt, appeals from the judgment of sentence entered in the McKean County Court of Common Pleas on December 5, 2024. Appellant's counsel did not file a motion for leave to withdraw, but filed an **Anders**[1] Brief in which he raised a challenge to the trial court's denial of Appellant's pre-sentence motion for judgment of acquittal. After review, we remand with instructions and deny as moot Appellant's *Pro Se* Response to **Anders** Brief.

In light of our disposition, we need not discuss the facts in detail. Briefly, Appellant was found guilty after a jury trial of failure to register under Megan's Law on May 23, 2024. Appellant filed a timely pre-sentence motion for

---

[*] Former Justice specially assigned to the Superior Court.
[1] **Anders v. California**, 386 U.S. 738 (1967).

judgment of acquittal on October 4, 2024. The trial court denied the same on November 15, 2024. Appellant was sentenced on December 5, 2024 to five-and-a-half (5.5) to eleven (11) years' incarceration. Appellant filed a timely notice of appeal on December 31, 2024. Counsel for Appellant filed a 1925(b) statement on January 17, 2025. On February 26, 2025, this Court entered an order indicating that the brief for Appellant must be filed by April 7, 2025.

During the pendency of the briefing period, on March 26, 2025, counsel filed with the trial court a 1925(c)(4) statement of intent to withdraw. Counsel filed a brief pursuant to **Anders** on March 28, 2025, and this appeal followed. Thereafter, Appellant filed an untimely *pro se* reply to counsel's **Anders** Brief on May 19, 2025.[2]

When counsel files an **Anders** brief, and appellant files a *pro se* response, this Court will first determine whether counsel has complied with the dictates of **Anders**. **See Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining proper procedure where counsel files Anders brief

---

[2] Although titled "*Pro Se* Response to **Ander's** Brief" and construed as a motion by this Court, Appellant's filing is in the form of a letter. Therein, Appellant acknowledged receipt of counsel's **Anders** brief but advised that he did not receive a motion for leave to withdraw as counsel. Appellant further stated that he does not agree with counsel's assessment of the claim raised in the **Ander's** brief and does not have trial transcripts or records to which to refer in responding.  In light of our disposition, we deny Appellant's motion as moot; should counsel file an advocate's brief, Appellant may not file a *pro se* response. **See, e.g., Commonwealth v. Rogers**, 645 A.2d 223, 224 (Pa. 1994). Should counsel file a petition to leave for withdraw and an Anders brief, Appellant may file a response accordingly.

and appellant files pro se response). If counsel has complied with the dictates of **Anders** and **Santiago**, we will address the issues raised in the **Anders** brief and conduct our independent examination of the record as to those issues. **See id**. Finally, if we determine those issues to be without merit, we next examine the appellant's *pro se* allegations. **See id**. As to appellant's *pro se* allegations, when an advocate's brief has been filed, "[this] Court is limited to examining only those issues raised and developed in the brief[; we] do not act as, and are forbidden from acting as, appellant's counsel." **Id**.

Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Instantly, our review of counsel's **Anders** brief reveals that counsel has filed a brief referring to issues of arguable merit and has furnished a copy of the brief with an attached letter informing Appellant of his rights. However, counsel failed to petition the Court for leave to withdraw, the first step in

withdrawing from representation. Thus, we find that counsel did not comply with ***Anders***.

Accordingly, we remand this matter to the trial court and direct counsel, within ten days of the filing of this memorandum, either to file a petition for leave to withdraw accompanying his ***Anders*** brief, or to file an advocate's brief. Should counsel petition to withdraw, we direct him to simultaneously provide Appellant with notice of the same and inform Appellant of his rights. Should counsel file an advocate's brief on behalf of Appellant, the trial court need not file another 1925(a) opinion, and the Commonwealth need not file another brief.

Remanded for further proceedings consistent with this memorandum. Appellant's *Pro Se* Response to ***Anders*** Brief is denied as moot. Panel jurisdiction retained.