J-S05031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAZEL BURGWIN, JR. | : | |
| | : | |
| Appellant | : | No. 168 WDA 2022 |

Appeal from the Judgment of Sentence Entered January 26, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0001235-2019

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                     **FILED: MAY 11, 2023**

Hazel Burgwin, Jr. appeals the judgment of sentence entered following his conviction for driving with a suspended license – DUI related.[1] Burgwin argues that the officer illegally stopped him. We affirm.

The trial court aptly summarized the facts of the case as follows:

> Port Vue Borough Police Officer Adams testified that on April 13, 2019, he was dispatched to a convenience store to check on an alleged harassment of customers. Upon his arrival, the clerk pointed out [Burgwin], who was standing outside by a vehicle. Adams followed [Burgwin] after he drove to his residence, about a block away. When Adams asked for identification, [Burgwin] produced a DUI-related suspended driver's license. During direct examination of Adams, [Burgwin], through [his trial counsel], stipulated to the elements of the offense.

_____

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).

Rule 1925(a) Opinion ("1925(a) Op."), filed 7/20/22, at 1 (unpaginated) (citations to record omitted).

The court found Burgwin guilty and sentenced him to 60 days reporting probation. Burgwin filed a timely *pro se* notice of appeal. The court appointed appellate counsel who filed in the trial court a "Statement of Intent to File **Anders/Santiago** Brief in Lieu of Filing Concise Statement of Errors Complained of on Appeal." **See** Statement of Intent to File **Anders/Santiago** Brief in Lieu of Filing Concise Statement of Errors Complained of on Appeal ("Statement"), filed 2/22/22. Counsel stated that "[a]fter a conscientious review of the record and extensive legal research, . . . there are no meritorious, non-frivolous issues to raise on appeal[.]" **Id.** at ¶ 32.

Two days later, counsel filed a motion to withdraw as counsel and a motion for a **Grazier**[2] hearing.[3] The court held such a hearing, where counsel stated that after filing the Statement, he received a call from Burgwin that he did not want to be represented by him and wanted to proceed *pro se*. **See** N.T., **Grazier** Hearing, 5/4/22, at 6. Burgwin agreed on the record with counsel's recitation of what occurred and affirmed that he wished to proceed *pro se* on appeal. **Id.** The court then had the Commonwealth conduct a thorough colloquy with Burgwin. It asked Burgwin if he understood that he

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] The docket reflects that counsel filed a Motion to Withdraw as well as a Motion for a **Grazier** hearing. However, these motions are not included in the certified record.

had a right to counsel, that he could ask the court to appoint another attorney, and that if he changed his mind about proceeding *pro se*, he had a right to ask the court to reappoint counsel. ***Id.*** at 6-7, 9. After stating that he understood, the Commonwealth asked if he still wished to proceed *pro se*, to which Burgwin responded "yes." ***Id.*** at 9. The court granted counsel's motion to withdraw and Burgwin's request to proceed *pro se*. ***Id.*** at 10; ***see*** Order of Court, filed 5/4/22. Burgwin then filed a Rule 1925(b) statement.

On appeal, Burgwin raises the following claims:

1. Mr. Officer Adams had no reason to make me give him my license. So how can he charge me with having a suspended license if he didn't know it was suspended until after he made me give it to him? He violated my rights. This is in the transcripts, and everybody act like this don't matter.

2. He knew he was wrong, so he said he'd let me go with an A instead of a B. The Judge said it ain't up to him. But it should be because he the one that violated my rights.

Burgwin's Br. at 3 (verbatim).

Here, Burgwin's brief includes an argument section that is a little over two pages. It is not separated into the issues he presents. ***See*** Pa.R.A.P. 2119(a). His argument for each issue is somewhat unclear but we will review the issues to the extent we can discern his arguments. To the extent Burgwin intended to make other arguments, they are waived. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924–25 (Pa. 2009) (appellant waives an issue on appeal if he fails to meaningfully develop it).

It appears that Burgwin is challenging the legality of his encounter with Officer Adams. Burgwin cites **Commonwealth v. Parker**, 161 A.3d 357 (Pa.Super. 2017), and argues that it is similar to the instant case. Officers stopped Parker by placing their bicycles in front of him and suggested that he was involved in criminal activity. **Parker**, 161 A.3d at 361. Officers then asked for Parker's name, date of birth, address, telephone phone number, and social security number. **Id.** Parker provided this information and officers allowed Parker to leave. **Id.** Officers used the phone number provided by Parker to connect him to drug-related offenses stemming from earlier dates. **Id.** at 360 n.4. Police arrested Parker on those offenses which led to him filing a motion to suppress the information he initially gave to the officers. The trial court denied Parker's motion and the court found him guilty of the drug offenses. Parker appealed and challenged the denial of the motion to suppress. He maintained that the officers "subjected him to an investigatory detention without reasonable suspicion that he was involved in illegal activity[.]" **Id.** at 361.

A panel of this Court determined that the officers suggested that Parker had been "involved in a criminal disturbance at McDonald's, and therefore a reasonable person in [Parker's] position would not have felt free to leave." **Id.** at 365. Because of this, this Court determined that the officers had subjected Parker to an investigative detention without reasonable suspicion. **Id.** at 364-65. This Court vacated the judgment of sentence, reversed the suppression order, and remanded for a new trial.

Here, Burgwin did not file a motion to suppress. As such, unlike Parker, Burgwin has waived review of any challenge to the legality of his encounter with Officer Adams. *See* Pa.R.Crim.P. 581 (A), (B) (stating motion to suppress evidence must be filed if there is an allegation of a violation of defendant's right and failure to do so results in waiver of issue); ***Commonwealth v. Grays***, 167 A.3d 793, 810 (Pa.Super. 2017) (raising an issue for the first time in Rule 1925(b) statement does not cure the failure to first present issue to the trial court).

Burgwin also argues that Officer Adams "knew he was wrong" and told him that he would cite him for a violation of driving with a suspended license under Section 1543(a), instead of driving with a suspended license that is DUI related under Section 1543(b)(1)(i). *See* 75 Pa.C.S.A. § 1543(a), (b)(1)(i). Burgwin states the court told him that Officer Adams could not determine what his criminal charge would be.

Burgwin waived this issue because it is not in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii). However, even if he had properly preserved it, it is meritless. Burgwin concedes that he was told that "this ain't like the Bill Cosby case because the prosecutor, not the police officer, made that agreement." Burgwin's Br. at 6. He also concedes that "a police officer cannot bind a prosecutor to an agreement," citing ***Commonwealth v. Stipetich***, 652 A.2d 1294 (Pa. 1995). *Id.* However, he maintains that his case may be different because it involves a suspended license. Burgwin provides no authority to support this last point.

- 5 -

Even assuming Officer Adams told Burgwin that he would charge him under Section 1543(a), the agreement would not have been binding on the Commonwealth. *See Stipetich*, 652 A.2d at 1295 (stating "[w]hile the police exercise, as a practical matter, a certain discretion in deciding whether to make an arrest, issue a citation, or seek a warrant, the ultimate discretion to file criminal charges lies in the district attorney"). Additionally, Burgwin's argument that his case is different because it involves the charge of driving with a suspended license is to no avail as no precedent supports his position. The charge does not change the officer's authority to bind the prosecution in this regard. Any agreement that existed between Officer Adams and Burgwin as it related to charging was invalid. We thus affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2023