J-A03041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VAMSIDHAR VURIMINDI | : | |
| | : | |
| Appellant | : | No. 1548 EDA 2021 |

Appeal from the Order Entered July 16, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008022-2012

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM PER CURIAM:                              **FILED MAY 17, 2023**

Appellant, Vamsidhar Vurimindi, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his *pro se* request to travel while on probation.  We dismiss the appeal as moot.

The relevant facts and procedural history of this case are as follows. Following a bench trial, the court convicted Appellant of two counts of stalking and one count of disorderly conduct.[1]  On April 25, 2014, the court sentenced Appellant to an aggregate term of two and one-half (2½) to five (5) years' imprisonment, following by five (5) years of probation.  "The sentence included a stay away order, to stay away from the victims, as a condition of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2709.1(a)(1) and 5503(a)(4), respectively.

probation." (Trial Court Opinion, filed 5/17/19, at 1).

The Department of Corrections released Appellant on parole on August 30, 2018. On December 18, 2018, the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") detained Appellant. ICE released Appellant on January 15, 2021. As a condition of release, ICE enrolled Appellant in its Intensive Supervision of Appearance Program. ICE required Appellant to wear a GPS tracker, and it placed Appellant in a shelter for displaced immigrants in Austin, Texas. Despite these interactions with ICE, Appellant continues to serve the probationary portion of his Pennsylvania sentence under the supervision of law enforcement officials in Texas. (*See* Trial Court Opinion, filed 10/7/21, at 1-2; Appellant's Brief at 18-19).

On June 27, 2021, Appellant filed a *pro se* "motion for permission to travel within Pennsylvania and to undertake campaign to oust bad actors from public offices." In this filing, Appellant asserted that he is "compelled to live in [a] shelter, because of [his] current immigration status and lack of employment authorization." (Motion, filed 6/27/21, at 3). Appellant, however, sought to travel to Pennsylvania to protest the judges running in retention elections on November 2, 2021. As part of his protest, Appellant planned to engage in a hunger strike near City Hall in Philadelphia. Thus, Appellant requested that the court "grant him permission from August 15, 2021 for 60 days to travel within the Commonwealth of Pennsylvania." (*Id.* at 4). If the court provided its permission, Appellant would then contact ICE

to inform the agency of his travel plans.[2]

The court denied Appellant's motion on July 16, 2021. Noting that a sentence of probation may include conditions that restrict a person's movement, the court found "no valid reason to permit [Appellant] to return to Pennsylvania for the purpose of protest and self-harm (hunger strike), and every reason to be concerned that he would be a danger to himself and others if permitted to roam free in Philadelphia." (Trial Court Opinion, filed 10/7/21, at 4). Appellant timely filed a *pro se* notice of appeal on July 28, 2021. On August 10, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed a *pro se* Rule 1925(b) statement on August 23, 2021.

On September 28, 2021, this Court remanded the matter for a hearing to determine the status of Appellant's representation, pursuant to ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998). The court conducted a hearing and did not allow Appellant to proceed *pro se*. Consequently, appointed counsel now represents Appellant on appeal.

On appeal, Appellant raises the following issues for this Court's review:

> Whether [the trial court's] travel restrictions to prevent election campaign against retention of judges because of

---

[2] Appellant made a similar request to travel in 2018. The trial court denied Appellant's request, citing its need to protect the victims of Appellant's crimes. On appeal, this Court concluded that the trial court did not err because it possessed the authority to impose reasonable probation conditions to ensure that Appellant leads a law-abiding life. ***See Commonwealth v. Vurimindi***, 3102 EDA 2018 (Pa.Super. Feb. 7, 2020) (unpublished memorandum).

> Appellant's immigration and probationer status violate Appellant's U.S. Constitution First Amendment rights to speak, assemble, protest and seek change?
>
> Whether [the trial court's] travel restrictions to prevent election campaign against retention of judges because of Appellant's immigration and probationer status violate Appellant's right to travel?
>
> Whether [the trial court] abused discretion in denying travel permission by relying upon facts that are patently unconstitutional?

(Appellant's Brief at 4).

Appellant's issues are related, and we address them together. Appellant contends that the court's denial of his motion amounted to "undue travel restrictions," which are "not reasonably related to [the] prevention of recidivism or Appellant's rehabilitation." (*Id.* at 15). Appellant concludes that this Court must vacate the "unconstitutional" order that is "preventing Appellant from undertaking [a] campaign against [the] retention" of certain judges. (*Id.* at 42).

In its brief, the Commonwealth counters that any decision rendered by this Court "would have no practical effect." (Commonwealth's Brief at 9). The Commonwealth emphasizes that Appellant's reason for requesting to travel— protesting the 2021 judicial retention elections—has lapsed. The Commonwealth concludes that this Court should dismiss the appeal as moot. Under the circumstances of this case, we agree with the Commonwealth.

"A case becomes moot when there is no longer an actual case or controversy to be resolved." *Commonwealth v. Coniker*, 2023 PA Super

25, *4 (filed Feb. 15, 2023).

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect….

> \* \* \*

> [T]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

> The concept of mootness focuses on a change that has occurred during the length of the legal proceedings. If an event occurs that renders impossible the grant of the requested relief, the issue is moot and the appeal is subject to dismissal.

*Interest of J.L.*, 216 A.3d 233, 237 (Pa.Super. 2019), *appeal denied*, 655 Pa. 479, 218 A.3d 849 (2019) (internal citations and quotation marks omitted).

Instantly, Appellant's underlying motion for permission to travel was time sensitive. Appellant asked for permission to travel to Pennsylvania for sixty (60) days, beginning on August 15, 2021, and rally public sentiment against certain judges running in retention elections. (*See* Motion at 4). While Appellant was litigating his motion and the current appeal, the 2021

- 5 -

elections occurred. Thus, the requested relief is no longer feasible. **See Coniker, supra**; **Interest of J.L., supra**. Moreover, Appellant does not argue that the exceptions to the mootness doctrine apply, and our review of the record leads us to conclude that the exceptions are not applicable here. **See Interest of J.L., supra**. Based upon the foregoing, we dismiss the appeal as moot.

Appeal dismissed.

Judge Sullivan joins this memorandum.

President Judge Emeritus Stevens did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2023