J-S18023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW J. VASQUEZ | : | |
| | : | |
| Appellant | : | No. 1392 WDA 2023 |

Appeal from the PCRA Order Entered November 16, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-MD-0000309-2020

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED:  September 3, 2024**

Matthew J. Vasquez appeals from the order denying his Post Conviction

Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. We vacate and

remand for the court to reinstate Vasquez's direct appeal rights *nunc pro tunc*.

A jury found Vasquez guilty of aggravated assault, conspiracy to commit

aggravated assault, and simple assault. **See** Opinion, filed 1/6/22, at 2. The

court ordered that Vasquez "have no contact with any of the victims, witnesses

or co-conspirators" relating to his convictions. **See id.** at 1. Vasquez violated

the order by contacting his co-conspirator. **See id.** at 2-3. Following a hearing,

the court found Vasquez guilty of six counts of indirect criminal contempt

pursuant to 42 Pa.C.S.A. § 4132(2).[1] The court sentenced Vasquez to an

_____

[1] The PCRA court notes that "[a]lthough the UJS Portal docket erroneously
depicts [Vasquez's] charges as filed under 42 Pa.C.S.A. § 5947 §§ F, criminal
*(Footnote Continued Next Page)*

aggregate term of 18 to 36 months of incarceration. Vasquez filed a post-sentence motion which the trial court denied. **See** Order, filed 1/4/21. The order denying the post-sentence motion did not inform Vasquez of his appellate rights. Vasquez did not file a direct appeal.

In May 2021, Vasquez filed his first *pro se* PCRA petition related to his criminal contempt convictions. The court dismissed the petition and Vasquez appealed. We vacated the court's order and remanded for the court to appoint counsel. **See Commonwealth v. Vasquez**, No. 887 WDA 2021, 2022 WL 2763717 at *1 (Pa.Super. filed July 15, 2022) (unpublished mem.). On remand, the court appointed counsel. However, Vasquez requested to proceed *pro se*. **See** Waiver of Right to Counsel, filed 9/13/22. He also filed a second *pro se* PCRA petition requesting reinstatement of his direct appeal rights *nunc pro tunc* and claiming that the court had imposed an illegal sentence. **See** PCRA Petition, filed 9/13/22; Memorandum of Law i[n] Support of Petitioner, filed 9/13/22, at ¶¶ 1, 2. Following a **Grazier**[2] hearing, the court permitted Vasquez to proceed *pro se* and accepted Vasquez's second PCRA petition as an amendment to his first petition. **See** Order of Court, filed 10/12/22 (treating second petition "as the operative Petition to be considered by the

---

contempt for violation of an immunity order, this mistaken docket entry does not appear anywhere else in the record." Rule 1925(a) Opinion, filed 12/27/23, at 7 n.11; **see** Police Criminal Complaint, filed 5/4/20, at 2 (listing charges for six counts of indirect criminal contempt pursuant to 42 Pa.C.S.A. § 4132(2)).

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[c]ourt"). The court issued notice of its intent to dismiss the petition without a hearing and ultimately dismissed Vasquez's petition. *See* Order of Dismissal of PCRA Petition, filed 11/16/23. This timely appeal followed.

Vasquez raises the following issues:

1. Did the P.C.R.A. Court err when it refused to reinstate [Vasquez's] Direct Appeal Rights *nunc pro tunc*?

2. Did the P.C.R.A. Court err when it refused to correct [Vasquez's] Illegal Sentence?

Vasquez's Br. at 1-2 (suggested answer omitted and issues reordered for purposes of disposition).

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Wharton*, 263 A.3d 561, 567 (Pa. 2021) (citation omitted). "We apply a *de novo* standard of review to the PCRA court's legal conclusions." *Id.*

Vasquez challenges the PCRA court's denial of his request for *nunc pro tunc* relief. Vasquez maintains that he was "never informed [of] his Direct Appeal rights, in violation of Pa.R.Crim.P. 720(4)." Vasquez's Br. at 9. He concedes that the trial court advised him of his appellate rights at the sentencing hearing but notes that the order denying his post-sentence motion did not inform him of his appellate rights pursuant to Rule 720(4) of the Pennsylvania Rules of Criminal Procedure. He asserts that the court's advisement at sentencing "does not excuse the [t]rial [c]ourt's failure to comply with Pa.R.Crim.P. 720(4)." Vasquez's Br. at 10.

When sought in a timely PCRA petition, "*nunc pro tunc* relief is a deeply established means of remedying a breakdown in the prior process caused by an error of constitutional magnitude." ***Commonwealth v. Koehler***, 229 A.3d 915, 931 (Pa. 2020). "An award of *nunc pro tunc* relief is intended to put the petitioner in the same position he or she was in just prior to the alleged constitutional deprivation." ***Id.*** When a criminal defendant's constitutional right to appeal a conviction is denied, it is considered an error "of constitutional magnitude." ***Id.*** at 932; Pa. Const. art. V, § 9.

In support of his argument, Vasquez cites ***Commonwealth v. Patterson***, 940 A.2d 493 (Pa.Super. 2007), and ***Commonwealth v. McAleer***, No. 2381 EDA 2019, 2020 WL 6128012, at \*2 (Pa.Super. 2020) (unpublished mem.). We find ***Patterson*** controlling.[3]

In ***Patterson***, the trial court informed Patterson orally of his appellate rights at the sentencing hearing. ***Patterson***, 940 A.2d at 499. Patterson filed an untimely post-sentence motion, which the trial court denied. 940 A.2d at 497. The order denying the post-sentence motion did not inform Patterson

---

[3] In ***McCleer***, we vacated the PCRA court's order denying McCleer's PCRA petition and remanded for the court to reinstate McCleer's appeal rights *nunc pro tunc*. We determined "that there was a breakdown in the operations of the court that prevented [the appellant] from timely pursuing an appeal from the order dismissing his first PCRA petition[,]" where the court's order failed to inform the appellant of his appellate rights or the time limits to file an appeal pursuant to Pa.R.Crim.P. 907(4). ***Id.*** at \*3; ***see*** Pa.R.Crim.P. 907(4) ("When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed").

that "he had to file an appeal within thirty days of the imposition of sentence." *Id.* at 499. Patterson then filed an untimely appeal. We noted that Pa.R.Crim.P. 720(B) requires that an order denying a post-sentence motion include written notice of the defendant's right to appeal and the time limits to file an appeal. *Id.* at 497, 499. We pointed out that the purpose of the rule is "to ensure adequate notice to the defendant given the routine delay between the sentencing and the disposition of the post-sentence motion." *Id.* at 499 (quoting comment to Pa.R.Crim.P. 720(B)(4)(a)). We concluded that the court failed to comply with Rule 720(B) when it entered an order that did not inform Patterson of his appellate rights. We also found that the trial court's informing Patterson of his appellate rights at the sentencing hearing did not excuse its non-compliance with Rule 720(B)(4). *Id.* We thus concluded that "the trial court's failure to comply with [Pa.R.Crim.P.] 720 constitute[d] a breakdown" that excused Patterson's untimely filing of his appeal. *Id.*

Here, the PCRA court found Vasquez's claim "disingenuous." Rule 1925(a) Op. at 6. The court pointed out that it sentenced Vasquez "on the same date and time" for both his aggravated assault and criminal contempt convictions, and that Vasquez filed an appeal for the aggravated assault case. It concluded that "[Vasquez's] failure to perfect one appeal while perfecting the other does not meet the standard of 'extraordinary circumstances' that would entitle him to [*nunc pro tunc*] relief." *Id.* We disagree.

Pursuant to **Patterson**, the PCRA court should have reinstated Vasquez's direct appeal rights. The trial court's order failed to comply with

Rule 720(B)(4). This rule provides that an order denying a post-sentence motion "**shall** include notice to the defendant" of the following:

> (a) the right to appeal and the time limits within which the appeal must be filed;
>
> (b) the right to assistance of counsel in the preparation of the appeal;
>
> (c) the rights, if the defendant is indigent, to appeal in forma pauperis and to proceed with assigned counsel as provided in Rule 122; and
>
> (d) the qualified right to bail under Rule 521(B).

Pa.R.Crim.P. 720(B)(4) (emphasis added). Rule 720(B)(4) "protects the defendant's right to appeal by requiring" the court's order to "contain *written* notice of the defendant's appeal rights." *Id.* at comment (emphasis added). "This requirement ensures adequate notice to the defendant, which is important given the potential time lapse between the notice provided at sentencing and the resolution of the post-sentence motion." *Id.*

In the instant case, the order did not meet the mandatory requirements of Rule 720(B)(4). It did not include notice of Vasquez's right to appeal, the time limit within which to appeal, or the remaining requirements of Rule 720(B)(4). Furthermore, under **Patterson**, neither Vasquez's filing an appeal in his aggravated assault case nor the court's notifying Vasquez of his appellate rights at sentencing excuses the noncompliance with Rule 720. **See Patterson**, 940 A.2d at 499. The court's failure to comply with Rule 720(B)(4) resulted in a breakdown in court operations that warrants *nunc pro tunc* relief. **See id.**; **Koehler**, 229 A.3d at 931. As such, we vacate the order denying

Vasquez's PCRA petition and remand for reinstatement of Vasquez's direct appeal rights *nunc pro tunc*. **See Patterson**, 940 A.2d at 499; **Koehler**, 229 A.3d at 931, 932. Considering our disposition, we do not address Vasquez's remaining claim.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/3/2024